Tower v. Rutland.

EUNICE M. TOWER v. THE TOWN OF RUTLAND.

*Highway by Adoption, what Necessary. Evidence. Selectmen, Admissions of. Waiver.*

1. The use of a road for public travel, however extensive that use may be, is not sufficient to constitute such road a highway by adoption so as to impose the duty upon the town to keep it in repair. There must be in addition evidence of some act of the town recognizing it as a highway—as putting the same in the rate bills of the highway surveyor, expending money thereon, shutting up the old road, leaving no other avenue for travel, etc.; hence, the plaintiff failed to prove that the highway upon which the accident happened was one that the town was legally bound to keep in repair, by proving that the road was used, that it was the direct thoroughfare from one street to another, that there were sidewalks upon both sides of it, and a lamp post on one corner; and, although the defendant did not object to the admission of this evidence, it did not thereby waive its right to claim legal proof that it was bound to keep the highway in repair.

2. SELECTMEN, WHEN ADMISSIONS OF DO NOT BIND TOWN.—The plaintiff claimed that her horse became frightened at a dump-cart "tipped-up" on the side of the street opposite a carriage shop. *Held,* that what one of the selectmen said immediately after the accident, namely, "The road was always full of something there," was not admissible, as the admissions of selectmen unconnected with any official act cannot be used to charge the town with liability.

3. The cart was left at the shop for repairs at about ten A. M., and the accident happened about two P. M., of the same day; and the question being where the cart stood and whether the selectmen knew of it. *Held,* that evidence was inadmissible to prove that customers, when bringing their carriages to this shop for repairs, were accustomed to leave them on the margin of the highway and sometimes outside the sidewalk.

ACTION to recover for injury on a highway. Trial by jury, March Term, 1883, VEAZEY, J., presiding. Verdict for the plaintiff. The exceptions stated:

"The testimony of the plaintiff tended to show as set forth in her notice, that 'On the 20th of December, 1880, at about two o'clock P. M., while riding in a sleigh upon West street, in the vil-

lage of Rutland, the horse which was drawing her sleigh became frightened at a cart tipped up on the southerly side of the street nearly opposite Samuel Terrill's carriage shop;' .and in consequence the horse ran, throwing her from the sleigh and injuring her seriously.

The testimony of the defendant, not disputed, tended to show that this cart (which was like an ordinary one-horse dump-cart used for drawing sand and earth, except that it is larger) was brought to Mr. Terrill's shop at about half-past ten o'clock in the forenoon of the day of the accident, to be repaired, and that Mr. Terrill left it upon or 'just outside the sidewalk within a few feet of the front of his shop; until he should be ready to repair it.

The plaintiff, as descriptive of the place and as bearing upon what the town ought to have known about the cart being there, introduced evidence against the exception of the defendant, tending to show that prior to the accident Mr. Terrill had been accustomed to have his customers bring their carriages of all kinds up to the front of his shop, and leave them there for repairs, in the margin of the highway and sometimes outside the sidewalk. The plaintiff's evidence, taken subject to exception, also tended to show that immediately after the accident the plaintiff saw Mr. Hayward, one of the selectmen, and told him of it, and about the cart's being there, and he replied that the road was always full of something there. There was no evidence to show that any of the selectmen of the town knew that this cart was there until after the accident, or what there was there at that time, or that the carriages left in front of Mr. Terrill's shop ever impeded travel by teams, or frightened horses."

The other facts are stated in the opinion of the court.

*M. G. Everts* and *P. R. Kendall,* for the defendant.

There was no legal proof that the town was bound to keep the highway in repair. *Folsom* v. *Underhill,* 36 Vt., 580 ; *Hyde* v. *Jamaica,* 27 Vt. 443. Proof of use is not sufficient. .

It seems to us that the answer to the question, whether the selectmen ought to have found out in three hours and a half that this cart (an object that horses are very familiar with and therefore hardly likely to frighten them) was there, could never be doubtful. That there being no question as to the facts as to the length of time the cart had been there, and that the selectmen

did not know it, there were no substantial doubts as to the reasonable and natural inferences to be drawn from these facts. And the question of negligence being narrowed to this extent, it was a question for the court—a question of law.

*Fritsch* v. *City of Alleghany*, 20 Alb. L. J., 373 ; Pierce R. R. 314 ; *Briggs* v. *Taylor*, 28 Vt. 180; *Hill* v. *New Haven*, 37 Vt. 511 ; Shearm. Red. Neg. s. 407.

The cart was not a nuisance which the town was bound to remove. *Nichols* v. *Athens*, 68 Me. 186 ; *Merrill* v. *Hampden*, 26 Me. 234 ; *Kingsbury* v. *Dedham*, 13 Allen 186 ; *Keith* v. *Eastern*, 2 Allen, 552 ; *Hart* v. *Brooklyn*, 36 Barb. 226 ; *Dimmock* v. *Suffield*, 30 Conn. 134 ; *Morse* v. *Richmond*, 41 Vt. 435.

*Joel C. Baker* for the plaintiff.

The case was tried all through till the arguments on the theory that the highway in question was one the town was bound to keep in repair. It was a waiver of the production of the record. *Noyes* v. *Evans*, 6 Vt. 628 ; *Davis* v. *Goddard*, 45 Vt. 56.

Even if said street never was legally laid out, yet the proof of the manner in which it was used and kept in repair by the public authorities was sufficient to charge the defendant with liability for injuries arising from insufficiencies upon it. *Potter* v. *Castleton*, 53 Vt. 435.

It was a defect for which the town was liable. *Morse* v. *Richmond*, 41 Vt. 435.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action to recover for an alleged injury upon the highway. It was incumbent upon the plaintiff to prove that the highway upon which the accident happened was one that the town was legally bound to keep in repair. To prove that, the plaintiff relied solely upon proof of the use of the road for public travel and the fact that it was the direct thoroughfare from Main street to Merchants' Row ; that there were sidewalks upon both sides of it, and a lamp post had been

erected upon one corner.   The case shows that the evidence of
those facts was admitted without objection ; and the plaintiff
may well have thought from the manner in which the trial was
conducted that no question would be made but what the highway
was one that the town was bound to keep in repair.   But the
exceptions show that the defendant did not admit the fact, and
so there was no waiver of its right to claim that the fact should be
legally proved ; and called the attention of the court to the
omission of proof that it was a public highway, and requested
that a verdict might be directed upon that ground.   In *Blodgett*
v. *Royalton,* 14 Vt. 288, the question was made as to whether
the highway upon which the plaintiff was travelling at the time
he was injured was one that the town was bound to keep in
repair ; and the court charged the jury that after it in fact had
been opened, and travelled as a public highway with the knowl-
edge and consent of the selectmen, they were at liberty to find
for the plaintiff.   The Supreme Court held that the consent
merely of the selectmen that any person should travel on any
path whether a public or private road was no act recognizing
such road as a highway for which the town was responsible ; and
that their knowledge that a traveller supposed it to be a public
highway was of no importance, unless by some act of theirs it
could be inferred that they had opened the road or adopted it as
a highway to be repaired by the town.   In the opinion, Judge
WILLIAMS specifies acts of the town or selectmen which would
constitute the adoption of a highway by a town—such as the
shutting up an old road, leaving no other avenue for travel
except on a road which they had made, and putting the same
into the rate bills of the highway surveyor.   The same learned
judge says, in *Page* v. *Weathersfield,* 13 Vt. 424, that a public
highway may be proved by showing that the town had recog-
nized it as such by doing labor thereon, or authorizing the high-
way surveyors to expend money thereon.   In *Folsom* v. *Under-
hill,* 36 Vt. 580, it was held that neither the fact of a dedication
of land to the public as a highway, nor the use of the land by
the public as a road for public travel, would be sufficient to

impose upon the town a duty to keep the road in repair as a highway. The use of a road for public travel, however extensive that use may be, is not sufficient to constitute such road a highway by adoption so as to impose the duty upon the town to keep it in repair. There must be in addition evidence of some act of the town recognizing it as a highway. No such act of the town is shown; and the evidence did not prove that the highway in question was one that the town was bound to keep in repair. It appeared that the dump-cart, which it was claimed constituted the insufficiency in the highway, that occasioned the injury to the plaintiff, was brought to the shop of one Terrill to be repaired, at about half past ten A. M., and the accident happened at about 2 P. M., of the same day. The plaintiff, as descriptive of the place and as bearing upon what the town ought to have known about the cart's being there was permitted against the exceptions of the defendent to show that prior to the accident Terrill's customers had been accustomed, when bringing their carriages to his shop for repairs, to leave them on the margin of the highway and sometimes outside the sidewalk. That testimony could be of no possible aid in the ascertaining of the place where the cart stood the day of the accident, and was not admissible for that purpose; neither did such use as it was shown the highway had been previously put to, tend to show that the selectmen knew or ought to have known that the cart was there upon the day of the accident; so the evidence was not admissible for that purpose. The admission that was made by the selectman, Hayward, should have been excluded; the only use that could be made of the admission was to charge the town with liability. The admissions of selectmen unconnected with any official act, and not made as explanatory of, or as qualifying, an official act, cannot be used for any such purpose. *Folsom* v. *Underhill, supra.*

The judgment is reversed and the cause remanded.