HARDWICK SAVINGS BANK AND TRUST COMPANY *v.* B. F. DRENAN.

May Term, 1900.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON and THOMPSON, JJ.

Opinion filed September 19, 1900.

*Evidence—Declaration of agent when not a part of the res gestæ—Declaration of opinion or information rather than of knowledge—Declaration of agent as to matter to which his employment does not extend—*The question being whether the plaintiff corporation had notice that a bond running to it, and signed by the defendant as surety, was not to be used until it was signed by another surety, evidence to show that long after the bond was accepted by the plaintiff and not at the time of any transaction respecting the bond, the plaintiff's treasurer told the defendant's attorney that the plaintiff took an assignment of a life insurance policy and a chattel mortgage in place of another surety, was not admissible, it not appearing that the treasurer had anything to do with the taking of the bond, or any authority in connection therewith, nor that he had any personal knowledge of the fact sought to be shown by his declaration.

*Evidence—Illustrations and experiments as evidence—Experiments before the jury—Experiments by the jury—Similarity of conditions and circumstances—*The plaintiff claiming that a bond, which when produced in court had no seals upon it, was originally sealed with paper taken from the gummed margin of postage stamps, and that such seals had been lost without the fault or agency of the plaintiff, the defendant was properly denied permission to exhibit to the jury a sheet of postage stamps to illustrate how well the margin of such stamps are gummed and the size of a seal that can be taken from them. The defendant was also properly denied permission to adhere the margin of stamps to a piece of paper in the presence of the jury, for the purpose of letting the jury test the matter of their removal. In the absence of any offer to show similarity of conditions and circumstances the proposed illustrations and experiments were irrelevant.

*Evidence—Irrelevant facts—*Evidence offered in behalf of the defendant to show that one G. A. Dow, a principal in the bond sued on, offered an insurance policy to various persons to secure them for signing the bond if they would sign it, without evidence tending to connect the plaintiff with Dow's act, had no tendency to show that the words "and one life insurance policy of G. A. Dow" in the surety clause of the bond, were not in it when the defendant signed it as surety.

DEBT ON BOND. Plea, the general issue with notice. Trial by jury, Caledonia County, December Term, 1899, *Watson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

George A. Beede and George A. Dow, as principals, and the defendant, B. F. Drenan, as surety, signed the instrument in question. In the body of the instrument when produced on trial, after the words describing the defendant as surety, were the words " and one life insurance policy of George A. Dow."

It appeared that in the negotiations with respect to the bond and its acceptance, the plaintiff was represented by one Johnson, a director of the plaintiff ; that the treasurer of the plaintiff performed the usual duties and had the usual authority of treasurers of such corporations as the plaintiff.

*Wendell P. Stafford* and *Taylor & Dutton* for the plaintiff.

*J. P. Lamson* for the defendant.

START, J. The defendant signed the bond in suit as surety; and he claimed that it was agreed between him and the principals to the bond that the bond should not be used until it was signed by another surety, and that this agreement was known to the plaintiff. The defendant offered to show that, after the bond was accepted, and before the commencement of this suit, the plaintiff's treasurer told the defendant's attorney that the plaintiff took an assignment of a life insurance policy and a chattel mortgage in place of another signer upon the bond. The offer was excluded and the defendant excepted. In this, there was no error. The treasurer was transacting no business respecting the bond at the time the declaration was made; and it does not appear that he had authority to take the bond, or anything to do with the taking of it, nor does it appear that he had any personal knowledge of the fact sought to be shown by his declaration. Also, the declaration was made long after the negotiations relating to the taking of the bond had been ended and the bond accepted by the plaintiff. Under these circumstances, the declarations of

the plaintiff's treasurer, as such, were not binding upon the plaintiff, nor were they evidence of the fact that was in issue respecting the plaintiff's knowledge. *Tower* v. *Rutland,* 56 Vt. 28 ; *Mason* v. *Gray,* 36 Vt. 308 ; *Lyndon Mill Co.* v. *Lyndon Institution,* 63 Vt. 581.

The bond when produced in court had no seals upon it ; but the plaintiff's testimony tended to show that it was originally sealed with paper taken from the gummed margin of postage stamps, and that the seals had been lost without the fault or agency of the plaintiff. The defendant introduced evidence tending to show that the bond was not sealed when he signed it ; and, upon this issue, he produced in court a sheet of postage stamps and offered them in evidence, to show to the jury how well the margin of the stamps are gummed and the size of the seal that can be taken from them. He also offered to adhere the margin of the stamps to a piece of paper in the presence of the jury, and when dried to let the jury remove them. This offer was properly excluded. The offered test or experiment lacked the similarity of circumstances and conditions necessary to make it admissible. There was no offer to show that such margins, when once adhered to paper, will remain unaffected by time, or the conditions under which they are kept or handled. If such testimony is ever admissible, which we do not decide, the test or experiment must be under similar conditions and circumstances. *Congdon* v. *Howe Scale Co.,* 63 Vt. 255.

The defendant claimed that the words, " And one Life Insurance Policy of G. A. Dow's ", were not in the bond when he signed it, and, upon this issue, offered to show that before Dow said anything to the plaintiff about using the policy, he, Dow, had offered the policy to other parties to secure them for signing the bond. It is difficult to see how this evidence could have any bearing upon this issue ; but, if it had, it was properly excluded, for the reason that there was no offer to connect the plaintiff with Dow's act. He was not the plaintiff's agent, and what he

did and said when none of the plaintiff's officers were present
could not be shown.

*Judgment affirmed.*