ROBINS MINING COMPANY v. J. C. MURDOCK.

**No. 13,480.** (77 Pac. 596.)

SYLLABUS BY THE COURT.

CORPORATIONS — *Admission of Liability by President Not Binding.* The president of a corporation has no authority, by virtue of his office, to bind the corporation by an admission of its indebtedness, such admission not being shown to have been made by him while engaged in the business of the corporation out of which the indebtedness grew or as a part of the *res gestœ.* Evidence of it is merely hearsay, and its admission erroneous.

Error from Cherokee district court; A. H. SKID-MORE, judge. Opinion filed July 7, 1904. Reversed.

*W. R. Cowley*, and *E. E. Chesney*, for plaintiff in error.

*S. C. Westcott*, and *Tracewell & Moore*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The defendant in error sued the plaintiff in error upon ten itemized accounts, separately pleaded in his petition, as follows : (1) Goods sold and delivered by the plaintiff to the defendant corporation ; (2, 3, 4, 5) goods sold to the defendant corporation by others, which accounts were alleged to have been assigned to the plaintiff ; (6, 7, 8, 9, 10) goods sold by various parties to the Robins Mining Co., a copartnership, the payment for which had been assumed by the defendant, it being alleged that the defendant, a corporation created under and by virtue of the statutes of Missouri, had succeeded to all the property of the Robins Mining Co., a copartnership theretofore existing, and orally agreed to pay all the debts of such copartnership. A witness was

called and permitted to state what the president, more than eighteen months after the alleged assumption, said with regard to the action of the corporation in the matter.   Judgment was rendered for the plaintiff in the full amount claimed.   A motion for a new trial being overruled, the defendant is now here to obtain a review and a reversal.

There was substantial error in the admission of the evidence of what the president of the corporation said with regard to the assumption of these debts; it was mere hearsay.   The officers of a corporation are its agents; their acts and admissions, within the scope of their authority, bind the corporation like the acts and admissions of any other agents.   The conditions which would warrant this court in holding that the admission of a president bound a corporation are not shown to exist here.   His conversation purported to narrate transactions which had occurred some eighteen months prior to the time of such conversation and while he was engaged in a business not shown to have been that of the corporation which he represented. Nor was such admission shown to have been authorized by the corporation.

The correct rule is well stated in Clark and Marshall on Private Corporations, volume 3, section 728:

"The president of a corporation, as we have seen elsewhere, has no authority to act for or bind it by contracts or otherwise merely by virtue of his office, and therefore his admissions or declarations, although made on behalf of the corporation, are not binding upon it, or admissible in evidence against it, unless they are expressly authorized by the corporation, or are made in the course of transactions which are within the scope of the authority conferred upon him, and are a part of the *res gestae*.   If the president, however, is entrusted with the general management of the corporation, or with the management of a particular

transaction, any admission or declaration by him within the scope of his authority is the admission or declaration of the corporation.''

Many authorities are cited in support of this proposition. The case of *Central Electric Co. v. Sprague Electric Co.*, 120 Fed. 925, 57 C. C. A. 197, was one in its facts much like the case at bar. It was there said :

''Statements of officers of a corporation that the company had agreed to pay the obligations of another corporation whose assets it had acquired, were incompetent to show such agreement.''

Other authorities to the same effect are *Hardwick Savings Bank and Trust Co. v. Drenan*, 72 Vt. 438, 48 Atl. 645 ; *Rumbaugh v. Southern Improvement Co.*, 112 N. C. 751, 17 S. E. 536, 34 Am. St. Rep. 528 ; *Henry & Co. v. Northern Bank of Alabama*, 63 Ala. 527 ; *Johnston v. Elizabeth &c. Association*, 104 Pa. St. 394 ; *Hawey v. West-side Elevated R. Co.*, 20 N. Y. Supr. 392 ; 4 Thomp. Corp. § 4656.

The same principle has been declared by this court in *Dodge v. Childs*, 38 Kan. 526, 16 Pac. 815 ; *A. T. & S. F. Rld. Co. v. Wilkinson*, 55 id. 83, 39 Pac. 1043 ; *Tennis v. Rapid Transit Rly. Co.*, 45 id. 503, 25 Pac. 876 ; *Mo. Pac. Rly. Co. v. Johnson*, 55 id. 344, 40 Pac. 641 ; *Railroad Co. v. Osborne*, 58 id. 768, 51 Pac. 286 ; *Walker v. O'Connell*, 59 id. 306, 52 Pac. 894.

There was no evidence whatever that the president had had authority conferred upon him in regard to this matter. The burden in this respect rested upon the plaintiff. The management of the affairs of this corporation was in the hands of the directors, and there is no presumption that the president had had delegated to him the power to bind his corporation for the payment of the debt of another. Nor was the admission testified to connected with the transaction as a part of the

Pugsley v. Railway Co.

*res gestæ*.  The court was clearly in error in admitting this testimony.

It is suggested that such portion of the judgment as rests upon the first five counts should be affirmed. It is quite a serious question whether there was any evidence in support of these counts, but, admitting that there was, it would not be proper to carve out of the total amount found due so much as we might suppose was found to exist by reason of the first five counts.  The judgment is an entirety ; it is all rendered bad because we cannot state how much, if any, of it is good.

Some other errors are assigned, but a careful examination shows them not to have been material.

For the error in the admission of testimony the judgment will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.