STATE BANK OF WATERLOO, ILLINOIS, v. CITY NATIONAL
BANK OF KANSAS CITY, MISSOURI.

(Filed February 13, 1907.)

REPLEVIN—Demurrer to Evidence—Chattel Mortgages—Burden of
Proof. In a replevin action between two mortgagees, where the
plaintiff proves all of the facts necessary to entitle it to .recover,
unless the defendant has a prior lien on the property under its
mortgage, the defendant must not only establish that its mortgage
is first in date of execution, but must also affirmatively establish,
where such fact is denied by the plaintiff, that the property in
controversy is the same property included in defendant's mortgage.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before
Bayard T. Hainer, Trial Judge.*

W. L. Barnum and J. E. Burns, for plaintiff in error.

J. F. King and Eaton & Loomis, for defendant in error.

Opinion of the court by

BURWELL, J.: This is an action in replevin to recover
the possession of one hundred and fifty cattle. The plaintiff
claims the cattle in question as assignee of a mortgage exe-
cuted thereon by John A. Malone and Frank Prudom to the
Seigel-Sanders Live Stock Commission Company, to secure
the payment of a promissory note for $5,130.63, executed by
the same parties to said company. It appears from the
record that N. J. Walden was the original owner of the cattle

in question; that he turned them over to Prudom and Malone under an agreement with the Seigel-Sanders Live Stock Commission Company that the price of these cattle should be credited on a note and mortgage previously executed to the Seigel-Sanders company for something over $15,000, which note and mortgage was by the mortgagee duly assigned to the City National Bank of Kansas City, Missouri. The cattle were turned over to the State Bank of Waterloo, Ill., by Prudom and Malone, and the agents of the defendant took the cattle from the pasture where they were being kept by the State Bank of Waterloo, and it commenced this action of replevin.

It is contended by the defendant in error that the cattle in controversy are a part of the same cattle that were included in the prior mortgage executed by N. J. Walden to the Seigel-Sanders company and by it assigned to the City National Bank. On the trial in the court below, when the plaintiff rested the defendant filed a demurrer to the evidence, which was sustained by the court, and judgment rendered for the defendant, the City National Bank. Exceptions were saved and this appeal duly prosecuted to this court.

The demurrer should have been overruled. The evidence clearly showed that the title to the cattle in question was obtained by the State Bank of Waterloo from Walden through Prudom and Malone, and that the State Bank of Waterloo had the possession of the cattle, and the City National Bank, by force, took the cattle away from it, thereby compelling the State Bank of Waterloo to commence this action. The City National Bank obtained no advantage by such course. It claims the cattle under a prior mortgage and, under the

evidence, it was incumbent upon it to show affirmatively that the cattle in question were included in its mortgage. There is no evidence in the record which authorizes such a finding. Without such evidence, the City National Bank must fail because the State Bank of Waterloo was in the peaceable possession of the cattle under a claim which appeared regular, and it expressly denied in its reply that the cattle in question were a part of the same cattle included in the mortgage held by the City National Bank.

On a former appeal in this case the judgment of the court below, which was for the State Bank of Waterloo, was reversed, because it was not supported by the evidence, and it is insisted here that such reversal by this court is conclusive on the court below as to such issue. There is nothing in such a position. It was clearly shown in the former trial that the cattle in controversy were included in the prior mortgage held by the City National Bank; but the case was reversed and remanded for a new trial, and we cannot consider the evidence presented by the record on the former appeal at this time, but are confined to the record now before us.

On the trial of the case in the court below, there were certain admissions made by the plaintiff regarding defendant's mortgage, but none of these admissions went to the question as to whether or not the cattle in controversy were included in the mortgage held by the City National Bank.

The judgment of the lower court is hereby reversed, and a new trial granted, and the case remanded with directions to the court below, to proceed in conformity herewith. Costs occasioned by this appeal taxed to appellee.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.