THE ROBINS MINING COMPANY v. J. C. MURDOCK.

No. 15,131. (93 Pac. 265.)

1. PRACTICE, SUPREME COURT—*Second Proceeding in Error— Record of First Trial.* Where a cause was remanded and, after a second trial, proceedings in error were instituted, it. was said the record of the first trial had no place in the proceedings and could not be considered.

2. ACCOUNT—*Liability of an Assignee—Evidence.* In an action on an account for goods sold, where some of the supplies were sold direct to defendant and others were sold to a partnership that assigned to defendant, the evidence was sufficient to support a verdict for plaintiff.

Error from Cherokee district court; WILLIAM B. GLASSE, judge. Opinion filed December 7, 1907. Affirmed.

*W. R. Cowley, Clay H. Alexander,* and *Chesney & Sanders,* for plaintiff in error.

*S. C. Westcott, Tracewell & Moore, H. C. Finch,* and *Edward E. Sapp,* for defendant in error.

*Per Curiam:* This is an action by J. C. Murdock against the Robins Mining Company on an account for miners' supplies and merchandise sold. There was a trial to the court and judgment was rendered for the plaintiff. The defendant brings error.

A former judgment in the same case was reversed for error in admitting evidence of certain statements made by the president of the mining company. (*Robins v. Murdock,* 69 Kan. 596, 77 Pac. 596.)

For some reason not apparent there has been inserted in the record the entire proceedings of the former trial. The trial judge at the settlement of the case-made ordered this stricken out, and lines were drawn through the pages referring to the first trial. Plaintiff in error's brief, however, contains hundreds of references to what is termed the "first record," which it is insisted is before us for examination. The cause was remanded for another trial. The second trial had nothing to do with the first and the record of that trial has no place in these proceedings and cannot be considered.

There are twenty-two assignments of error; most of these are abandoned in the brief, and we are obliged to ignore others. For instance, an extended argument is made, with numerous citations of authorities, in support of a claim that it was error to overrule a demurrer to the petition, while the record itself makes no reference to any demurrer having been filed or passed on. Again, it is argued that the court committed error in overruling the demurrer to plaintiff's evidence. As there was no demurrer to the evidence filed or presented this is easily disposed of.

It is argued at great length in the brief that the trial court refused to follow the law of the case as declared in the former opinion in this court. There is no ground for this contention. The only rule of law announced in the former opinion which controls this case is that cer-

tain admissions by the president of the mining company, not being shown to have been made by him while engaged in the business of the corporation, were not admissible as evidence to bind the corporation. Upon the second trial no such testimony was offered.

The principal, and, indeed, the only contention deserving consideration is the claim that the judgment is not supported by the evidence. The petition contained several causes of action. Some of these were on an account for supplies sold direct to the Robins Mining Company; the others were for supplies sold to Robins & Co. The latter, it seems, was a partnership which for several months conducted mining operations on the mining property under a lease. A transfer of all the rights under the lease and of all the property was made to plaintiff in error. The transfer was in writing and for the nominal consideration of $100. At the same time the partnership bank account, amounting to $153, was transferred to the new company, and the latter continued the operation of the mine without any apparent change of ownership. Supplies were ordered and furnished in the same way as before the transfer, and cash payments on account were made from time to time by the new company. In several instances the new company paid on account more than the purchases it had made amounted to. The company also assumed other indebtedness of the partners due to the bank. These and other circumstances in evidence were, in our opinion, sufficient to support the judgment.

The judgment is affirmed.