No. 22,065.

W. J. STAGG, *Appellant,* v. THE KANSAS FREE FAIR ASSOCIA-
TION, *Appellee.*

### SYLLABUS BY THE COURT.

1. CONTRACT OF EMPLOYMENT—*Findings of Trial Court.* The facts in dispute touching the duration and terms of a contract of employment examined, and no error discerned in the trial court's determination thereof.

2. CORPORATION—*Action of Board of Directors—When Not Conclusive on Corporation.* Although a board of directors of a corporation hears the reading of a financial report of the corporation's liabilities and approves the report, the corporation is not thereby precluded from afterward denying its liability on specific items set out in the report.

3. SAME—*Authority of President to Bind Corporation.* Where a president of a corporation is not shown to have authority to obligate the corporation, a letter written by him endeavoring to pacify an insistent creditor, and promising to make a desperate effort to raise money to take up the corporate debts, and the letter included the promise, "Your account is among the others of which I am fully aware; and if we can raise this money it will be one of the first taken care of," it is held that such promise is subject to explanation and is not necessarily binding on the corporation.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed December 6, 1919. Affirmed.

*James A. Troutman,* of Topeka, for the appellant.

*W. E. Atchison,* of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an action for a balance alleged to be due as wages for services performed in 1915. The plaintiff is an accountant. The defendant is an incorporated association which conducts an annual fair in Topeka. Plaintiff alleged that in December, 1914, he was hired by the defendant for a term of ten months at $100 per month, but owing to the financial difficulties of the defendant he was induced to agree to a change in his compensation, whereby the defendant was to pay him $50 per month from January 1, 1915, until June 1,

and $150 per month thereafter, and that he had received $250 on this contract, and that there was due to him a balance of $750 and interest.

The defendant denied plaintiff's allegations, and alleged that plaintiff's services for the first few months of 1915 were gratuitous—like those of many other public-spirited citizens of Topeka who were endeavoring to conduct and maintain a successful fair; that a public election was held in May to authorize the granting of county aid to the fair, and after that election the defendant employed the plaintiff at $50 per month, as from May 1, 1915, with a further understanding that if the fair in the autumn of 1915 was a financial success, plaintiff should be paid on the basis of $100 per month; that owing to rainy weather the fair was financially a failure and had a large deficit, and accordingly, that defendant owed plaintiff nothing.

A jury was waived, and the defendant prevailed. Plaintiff appeals.

Plaintiff's evidence tended to support the allegations of his petition. Defendant's evidence tended to support the facts set up in its answer. The trial court's judgment on that disputed issue is final. (*Bruington v. Wagoner,* 100 Kan. 439, 164 Pac. 1057.)

It is argued that the defendant admitted its obligation to plaintiff in a report of the financial affairs which was made to the board of directors of the defendant. One item of the statement of current liabilities read:

"W. J. Stagg, balance of 10 months, $750."

This report was approved and filed. At another time, in answer to a demand for payment, the president of the association wrote to plaintiff—

*"Dear Stagg:*

"Replying to yours of March 11th, will say, I am fully aware of the conditions of the State Fair Association as you quote them. . . . We have got to create a sentiment in favor of boosting things, if we ever get anywhere. And you can't do it by giving it a black eye. I have had several meetings, and have impressed on their minds that we must raise the money to pay off the indebtedness. Your account is among the others of which I am fully aware also. And if we can raise this money it will be one of the first taken care of. . . . I have no fault to find with your services. . . . They will receive full commendation from me. . . . If we have got to start in and have another fight among ourselves, as

well as to try to raise this shortage, as for me, I will soon be done with it forever. So I say again let everybody boost. If you feel called upon to have an interview, let it be a boosting interview, and not a knocking one."

A report of an officer to his association is not an "account stated." It is a mere tabulation of facts and figures for the information of the corporation. The approval of such a report does not estop the corporation to deny its accuracy. The president of the association was not shown to have authority to bind the corporation (*Robins v. Murdock,* 69 Kan. 596, 77 Pac. 596) ; and the president testified (1 Encyc. of Ev. 396) that about the time he wrote plaintiff he was struggling with the financial troubles of the fair and trying to pacify its most insistent creditors and avoid lawsuits—

"You did n't have a stereotyped letter ready to send? A. No, but I just wrote to Mr. Stagg without any intention of acknowledging his claim or anything of the kind, any more than at that time, I would make a desperate effort to raise the money to take care of these back accounts, and Mr. Eastman and I had laid awake nights. . . .

"Q. As a matter of fact, did you know about his claim at that time? A. No, I did n't know about his claim at that time. . . .

"Q. Then you did n't say you were going to pay him any $750? A. No, sir."

On the motion for a new trial affidavits were offered to show that the financial report of the corporate liabilities was read to the board of directors—a matter which had been in dispute at the trial. We can assume that plaintiff's contention on that subject was true, but it does not change the net result.

Even if the president were shown to have authority to bind the corporation by his promise, that would be unavailing here, since there was no consideration given for such promise.

The judgment discloses no error, and the judgment is affirmed.