## SNEED v. YARBROUGH.

No. 15758—Opinion Filed March 16, 1926.

Rehearing Denied Feb. 22, 1927.

**1. New Trial—Discretion of Trial Court.**

Trial courts are invested with broad discretion in the granting of new trials. The trial judge has heard all the evidence, observed the manner and demeanor of the witnesses while testifying, their lack of interest or concern in the outcome of the trial, and is in a better position to determine whether substantial justice has been reached in the course of the trial, than this court may judge upon the record.

**2. Appeal and Error—Discretion of Trial Court—Grant of New Trial.**

Therefore, the action of the trial court in granting a motion for new trial will not be disturbed on appeal, unless the court committed error upon a pure and unmixed question of law.

**3. Same—Grant of New Trial Sustained.**

Record examined; held, to be sufficient to support judgment.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Charles A. Sneed, Jr., against Thomas Yarbrough for possession of real estate. Judgment for plaintiff. New trial granted for the defendant, and plaintiff brings error. Affirmed.

A. L. Emery, for plaintiff in error.

Thrift & Davenport, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff was enrolled as a citizen of the Creek Nation of Indians, and received his allotment of land. A guardian was appointed for the person and estate of the plaintiff. who sold the allotment of the plaintiff through the county court of Okmulgee county, in the year 1913. The plaintiff commenced his action against the defendant for recovery of the possession of the land in 1923. The latter alleged in his petition that his guardian caused the sale of the land through the county court after he had attained his majority, and that the county court was without jurisdiction to order the sale. The defendant answered by way of general denial, and set up deeds executed by the plaintiff to the defendant, after the probate sale, to support his right of possession. It was the contention of the plaintiff that the deeds were procured by fraud and were void. The defendant relies on certain statutes of limitation to bar plaintiff's right of recovery. It was the further contention of the plaintiff that he protested against the sale of the land through the county court; that the sale was procured through the county court by fraud and collusion between the guardian and purchaser. The trial of the cause resulted in judgment for the plaintiff. The defendant filed motion for new trial, which was overruled. The defendant later filed a motion for new trial on the ground of newly discovered evidence. The court sustained the motion and granted a new trial.

The plaintiff has appealed the cause and seeks reversal of the action of the court in granting the new trial. The defendant attached an affidavit of Mark L. Bozarth, who was county judge at the time of the sale in the county court. The affidavit sets forth that the plaintiff requested the affiant on several occasions to enter the order of sale. The newly discovered evidence went to the point of showing that the plaintiff desired that the land be sold, and that he received proceeds from the sale after it was completed. The court evidently weighed the new evidence in the light of the evidence received in the course of the trial of the cause. There was a sharp conflict between the evidence of the parties on several issues of fact made by the pleadings. Therefore, the action of the court in granting the new trial does not present a pure and unmixed question of law on appeal. We express no opinion on the question of statute of limitation, and ratification or adoption of the guardian's deed by the plaintiff. It will be better to leave this question for the second trial.

This court, on appeal, will not disturb the action of the trial court in granting a new trial, unless error has been committed on a pure and unmixed question of law. The trial court is given a broad discretion in granting or refusing motions for new trial. The trial court has had the witnesses before it

and observed their manner and demeanor while testifying. The court has had the benefit of observing the apparent interest or lack of concern on the part of the witnesses, as to the outcome of the trial. The court has the benefit of these matters in the consideration of the motion for new trial, and is in a better position to determine whether substantial justice has resulted from the trial of the cause than this court may determine from the record on appeal. Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113; Hughes v. C., R. I. & P. Ry. Co., 35 Okla 482, 130 Pac 591.

The judgment is affirmed.

By the Court: It is ordered.

Note.—See under (1) 4 C. J. p. 880 §2813; 29 Cyc. p. 1008; 20 R. C. L. p. 226; 3 R. C. L. Supp. p. 1046; 4 R. C. L. Supp. p. 1347; 5 R. C. L. Supp. p. 1091. (2) 4 C. J. p. 830 §2813. (3) 4 C. J. p. 1130 §3122.