[No. 15867.　Department Two.　August 9, 1920.]

FRANK MARTON et al., *Respondents*, v. W. B. PICKRELL
et al., *Appellants*.[1]

HIGHWAYS (53)—LAW OF THE ROAD—APPLICATION. The statutes requiring travelers to keep to the right upon a public highway have reference to vehicles, and do not refer, in express terms or by necessary implication, to pedestrians; nor do they require the user to keep to the right in traveling, but cover only the meeting and passing of traffic.

HIGHWAYS (53, 58)—COLLISION—INJURY TO PEDESTRIAN—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Whether defendant used necessary care to avoid an accident and whether plaintiff was guilty of contributory negligence, are questions for the jury, where plaintiff, walking upon the left-hand side of a paved highway after dark, stepped toward the center of the road upon seeing defendant's car approaching, and continued to do so upon seeing that the car also turned toward the center of the road, and he was struck when he had reached a point midway between the center and the right-hand edge of the pavement.

APPEAL (433)—REVIEW—HARMLESS ERROR—FAVORABLE TO APPELLANT. Appellant cannot complain of a conflict between an instruction applying the rule of the road to a pedestrian on the left side of the road and one placing upon him the burden of proving the contributory negligence of the pedestrian, since the first instruction was erroneous and favorable to appellant.

APPEAL (460)—REVIEW—HARMLESS ERROR—INSTRUCTIONS—PREJUDICIAL EFFECT. Error cannot be predicated upon instructions relating to the evidence of plaintiff's admission of fault and contributory negligence and as to plaintiff's knowledge of the law, where the evidence at most amounted to a conclusion and not a fact, and the jury could not have been misled by the reference to his knowledge of the law.

[1]Reported in 191 Pac. 1101.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 1, 1919, upon the verdict of. a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Lee & Kimball,* for appellants.
*John L. Dirks,* for respondents.

TOLMAN, J.—A public highway, with a paved roadway twenty feet wide, known as the Apple Way, runs east from the city of Spokane and is extensively traveled, during the usual hours, both by vehicles and pedestrians. About 6 o'clock in the evening of January 23, 1919, respondent, with a companion, was walking eastward along this highway towards his home at Opportunity, and at that time of the year it was then quite dark. For a time they traveled along the right side or southerly edge of the pavement, but at that hour the travel was mostly from Spokane towards the east, and many automobiles approached and passed them from behind, while but few machines were traveling in the opposite direction. Observing this condition, respondent and his companion passed to the north or left side of the paved roadway and pursued their course along the northerly side of the pavement, the companion walking near the edge and respondent beside him, some three feet from the edge of the pavement.

While so proceeding, they observed the headlights of appellant's automobile approaching from the east, when, as they estimate the distance, it was about ninety feet from them, and appellant testified that he saw them clearly in the light of an automobile coming from the west when they were about one hundred and twenty-five feet from him. Upon seeing the approach-

ing car, respondent's companion stepped off the pavement to the north, while respondent stepped to the south toward the center of the roadway, intending, as they had done immediately before when meeting another automobile, to let appellant's car pass between them. As respondent stepped toward the center of the roadway, he continually watched the approaching headlights, and observed that appellant's car also turned toward the center of the roadway as it approached. He then took two quick jumps, as he expresses it, toward the south, to avoid the approaching car, but it also turned still more in the same direction, and he was struck by the right front end of the machine, the collision occurring at a point about midway between the center and south edge of the pavement, and respondent receiving the injuries complained of. From a verdict and judgment against him, appellant brings the case here on appeal.

A challenge to the sufficiency of the evidence was interposed at the close of plaintiff's case and overruled, and at the close of the entire case, the motion was renewed and again denied. The same question was raised by a motion for judgment *non obstante veredicto*.

Appellant bases his argument in support of this point upon the assumption that respondent was *prima facie* guilty of negligence in being upon the left side of the paved roadway. In this we think he overlooks the fact that our statutes, generally referred to as "the law of travel" and "the rule of the road," have reference to vehicles and those riding or driving animals upon a public highway, and nowhere in express terms, or by necessary implication, we think, do they refer to pedestrians. It is a matter of common knowledge that a pedestrian on a highway, or on a double track

line of railway, is far better able to look out for his own safety and protection by so traveling as to face all oncoming vehicles, than he would be if keeping to the same side of the roadway as vehicular traffic, and being thus at all times obliged to keep watch to the rear. Nor does the statute require any user of the highway to keep to the right in traveling, but covers only the meeting and passing of traffic. At any rate, in the absence of a clear statutory rule applying to pedestrians, the question is one for the jury. Under the facts shown by the record, it was for the jury to say whether or not appellant used the necessary degree of care to avoid the accident, and whether or not respondent was guilty of contributory negligence.

What has just been said clearly indicates that, if there was a seeming conflict between the instruction which applied the rule of the road to pedestrians and the instruction which placed the burden of proving contributory negligence upon the defendant, upon the giving of which error is assigned, the latter instruction was clearly right and the appellant has no cause to complain of the former.

An instruction was given which advised the jury, in effect, that, if the plaintiff had made any admissions indicating that the collision was due to his own fault, such admissions must be considered in the light of all the circumstances surrounding him when made, and would be binding upon him only in case he was then fully advised as to all of the facts and as to the law applicable thereto. The evidence which called forth this instruction was introduced by appellant and denied by respondent, and as we read it, the statements, if made, and if admissible at all, amounted to no more than an expression of opinion that both parties were to blame, or, in one instance, that it was his own fault,

in either case a conclusion and not a fact, and as such not apt to be very convincing with a jury, and easily susceptible of excuse or explanation. We have no doubt, since the evidence was before the jury, that the instruction was a proper one in all except the reference to knowledge of the law applicable thereto, but since it is a common adage, known and repeated everywhere, that every man is presumed to know the law, we cannot, in the absence of anything in the record to so indicate, hold that the jury was misled thereby.

An additional error is assigned, but not argued, relating to still another instruction. We have examined the instruction referred to and are unable, unaided, to find anything therein approaching reversible error.

The judgment of the trial court is affirmed.

HOLCOMB, C. J., FULLERTON, MOUNT, and BRIDGES, JJ., concur.