CLARENCE DOHRMAN *v.* IRENE M. BENSON.

(84 A2d 532)

October Term, 1951.

Present: JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ. and
SHANGRAW, Supr. J.

Opinion Filed November 6, 1951.

*Sylvester & Ready* and *John Mulvey* for the defendant.

*Latham, Hill & Peisch* for the plaintiff.

JEFFORDS, J.   At about six o'clock in the evening of December
22, 1948, the plaintiff left his home on route 7 in Colchester, crossed
the highway in front of his house to the east side of the road and
started walking southerly.   His destination was a neighbor's farm
located on the east side of the highway about a quarter of a mile
south of the plaintiff's home.   When the plaintiff had nearly reached
his destination he was struck by an automobile being driven by the
defendant.   This car was also proceeding in a southerly direction.

This action was brought to recover damages for personal in-
juries suffered by the plaintiff as a result of the accident.   There

was a verdict and judgment for the plaintiff and the case is here on exceptions of the defendant. The only exception here briefed and argued is that to the overruling of the defendant's motion for a directed verdict and the only ground of that motion here relied upon is that the evidence in the case, taken in the light most favorable to the plaintiff, established as a matter of law that the plaintiff was guilty of contributory negligence.

The material evidence viewed in that light is as follows: The plaintiff was wearing a red plaid topcoat and medium dark trousers and was walking on the easterly shoulder of the road about a foot and one half off from the cement surface of the highway at the time he was struck. The road was straight at the place of the accident with a curve some little distance to the north. The plaintiff remembered nothing immediately preceding the accident. He did not remember hearing any horn blown or seeing lights from the defendant's car. His "vision was on the on-coming traffic. I was worried only by on-coming traffic." There was no such traffic at that time.

The defendant had been following for some time a car driven by a witness, George Tyler. She decided to pass this car and turned to her left to do so. In the act of passing, her car struck the plaintiff. The defendant had not seen the plaintiff until that time. She could not remember whether she blew her horn as she turned to pass the Tyler car. Nor could she remember whether her headlights at the time were on high or low beam.

Witness Tyler testified that the light of defendant's car were on low beam as it was following his car. He could not remember hearing any horn blown at the time the defendant started to pass him. As the defendant's car started to pass, Mr. Tyler saw the plaintiff walking along the side of the road.

The pedestrian and automobile driver have equal and reciprocal rights in the use of the highway. *Eagan* v. *Douglas,* 107 Vt 10, 15, 175 A 222. The plaintiff was exercising this right in the approved manner as it is a matter of common knowledge that a pedestrian on a highway is far better able to look out for his safety and protection by so traveling as to face all on-coming vehicles than he would be if keeping to the same side of the roadway as vehicular traffic. *Marton* v. *Pickrell,* 112 Wash 117, 191 P 1101, 17 ALR 68. Indeed by statute in some states it is required that pedestrians so travel the highways.

■ The plaintiff was walking on the side of the road where he should have been. So traveling, he had the right to assume that a car coming from his rear would not cross over from its proper side of the road so as to run him down and he could proceed on this assumption until, in the exercise of the care of a prudent man, he saw or ought to have seen, that it was not warranted. *Garvey* v. *Michaud,* 108 Vt 226, 233, 184 A 712; *Jasmin* v. *Parker,* 102 Vt 405, 417, 148 A 874.

■ The jury could well have found that the defendant, without any warning from her horn and with the lights of her car on low beam, turned her car to its left so quickly and so near to the plaintiff that he had no reasonable opportunity to avoid being struck. The question of the plaintiff's contributory negligence was clearly one for the jury as it generally is in cases involving pedestrians walking along highways. Anno, 67 ALR at page 113.

The defendant claims contributory negligence because the plaintiff was dressed in dark clothing and because he was carrying no light. No cases are cited in support of these claims. Under the facts in this case it is clear that we could not properly hold that for either or both of these reasons the plaintiff was guilty of contributory negligence as a matter of law.

The cases cited by the defendant from this jurisdiction in support of her claim of error are not factually in point.

*Judgment affirmed.*