## THE STATE v. UPSON.

1. **Criminal Law**: MEASURE OF PUNISHMENT. Every one adjudged guilty of a crime must receive such punishment as he merits, in view of the facts of the case, without regard to the punishment inflicted upon others; and in this case, where the defendant was sentenced to the penitentiary for three years for the larceny of an ox, *held* that this court could not interfere to mitigate the sentence.

*Appeal from Decatur District Court.*

TUESDAY, JULY 22.

DEFENDANT was convicted of grand larceny, and sentenced to the penitentiary for the term of three years. He now appeals to this court.

*Samuel Forey*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

BECK, J.—I. The defendant pleaded guilty to the larceny of an ox, of the value of $34. There was evidence which conclusively established his guilt. He filed an affidavit, before

sentence, in extenuation of his crime, showing that he is twenty-three years of age;' that at the time of the larceny he was out of money and intoxicated; that it was his first offense, and other unimportant matters. It appears that he drove the ox from the commons or the highway, where it was running at large, and sold it to a dealer in stock. The only complaint made to us is that the punishment is excessive, and we are asked to reduce the term of imprisonment. No other error is assigned or urged upon our attention.

II. Counsel for defendant rely upon the *State v. Moody*, 50 Iowa, 443, wherein we reduced the punishment of one convicted of breaking and entering a store-house and stealing therefrom property to the value of $36. In that case the punishment was reduced to two years imprisonment, while the extreme term for which he could be sentenced is ten years. Counsel think that, as the defendant's punishment in that case was imprisonment for one-fifth of the highest term prescribed by law, the defendant in this case, who stole property of about the same value, ought to be imprisoned for a term no longer than one-fifth of the longest period fixed for the punishment of the crime of larceny. There is no rule by which the punishment of criminals may or ought to be equalized in this way. Each case must be decided upon its peculiar facts, and each offender must receive the punishment he merits, without regard to the punishment inflicted upon others. In the case before us, defendant's guilt was established beyond a doubt; his crime was boldly committed, and his punishment is not unreasonably severe. We think there is nothing in the case authorizing us to mitigate his punishment. The judgment of the district court is

AFFIRMED.