THE METROPOLITAN STREET-RAILWAY COMPANY v.
HENRY C. O'NEILL.

No. 13,404. (74 Pac. 1105.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*New Trial.* Section 307 of the code of civil procedure (Gen. Stat. 1901, § 4755), which provides that "a new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained," denies the right to grant a new trial in the kind of actions therein named on account of the smallness of the damages awarded, and to grant one is error.

2. ——— *Code Construed.* The last clause of said section is a limitation on the right to grant new trials under the provisions of section 306 (Gen. Stat. 1901, § 4754), rather than an enlargement of the power denied in the first part thereof.

Error from Wyandotte district court; E. L. FISCHER, judge.   Opinion filed January 9, 1904.   Reversed.

*Miller, Buchan & Morris*, for plaintiff in error.

*McGrew, Watson & Watson*, and *Junius W. Jenkins*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. :   Plaintiff below brought this action to recover his damages resultant upon personal injuries inflicted by reason of the negligence of the defendant.   As elements of such damages he claimed actual expenses as follows : $65, hospital bill ; $258, doctor bill ; $175, medicines and other incidental expenses ; $1000, for loss of time.   The balance of $8450 was the total amount claimed for his suffering and permanent injury.   The jury returned a verdict of $800. . Upon the plaintiff's motion this was set aside and a new trial granted, the court giving the following reason therefor :   "Because the verdict is not sustained by sufficient evidence, and is contrary to law, in this, that the verdict is too small, the same not being equal in amount to the actual pecuniary injury to plaintiff, as shown by the evidence."

The record discloses that the plaintiff expended the amounts claimed for actual expenses, a total sum of $498.   The value of the time which he lost was not established by evidence which gave to the jury any adequate basis to determine the same.   Indeed, the evidence upon this point required the allowance of little more than a nominal amount, it showing only that the plaintiff at the time of his injury was, and had been for about two weeks before, engaged in the manufacture of vinegar, the value of the business de-

pending upon the profits; that he was detained from the business a year; that his share of the profits during the two weeks before the accident would amount to about seventy-five dollars per month; that the value of the services of a person to take his place and do the work which he had been performing was seventy-five dollars per month. The evidence is entirely blank as to what relation the plaintiff sustained to the business in which he was engaged; whether the business was a profitable or losing one during the time he was unable to look after it; whether he employed any person to take his place. For all that is shown by the evidence, he may not have been a loser to the amount of a farthing by reason of being kept from his business. While the presumption may be that he was, yet the evidence gives no basis for calculating the amount.

The sole error urged here is the granting of the motion for a new trial. It is urged that this was error because of the language of section 307 of the code of civil procedure (Gen. Stat. 1901, § 4755), which reads:

"A new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained."

We are here confronted with a positive denial of power in the court to grant a new trial in certain cases. The statute has assumed to regulate the matter of the granting of new trials. In section 306 (Gen. Stat. 1901, § 4754), eight grounds are enumerated for which new trials may be granted and none of them includes the right to a new trial on account of the smallness of the assessment of recovery except the fifth, where it is provided that a new trial may be had

for that reason in actions upon a contract or for the injury or detention of property. It seems that the code makers, not content with leaving out a provision for a new trial in cases like the one now under discussion, added the positive prohibition to the granting of such motions in cases enumerated in section 307. It is claimed, however, and it would seem that the court below based its action upon such claim, that where the damages awarded do not equal the actual pecuniary injury sustained, a new trial may be granted even in such excepted cases, and that the last clause of section 307 serves to enlarge the prohibition contained in the first part and is a grant of power to give new trials where a sum is awarded not equal to the actual pecuniary injury sustained. We very seriously question the correctness of this interpretation of the rule, and are inclined to the view that the last clause of section 307 is a limitation upon the powers granted in section 306, rather than an enlargement of the power denied in the former provision of section 307. In *Hubbard v. The Town of Mason City*, 64 Iowa, 246, 20 N. W. 173, the court, in commenting upon a provision of a statute identical with ours, said :

"This is an absolute limitation upon the power of courts to grant new trials in the cases referred to in the statute. But it does not follow that the courts are required to grant new trials where the damages do not equal the actual pecuniary injury sustained."

The case of *Shoff v. Wells*, 1 Neb. 168, was an action for damages in assault and battery. The evidence showed an actual damage of $55. A verdict of $17.50 was rendered ; a new trial was granted. The supreme court, in commenting upon the provisions of a statute identical with our own, said :

"The reading and interpretation contended for by

the counsel for the defendant in error is that, in an action for damages for an injury to the person or reputation, as well as in all other actions, the damages must equal the actual pecuniary injury sustained. This claim is opposed not only to the letter but to the obvious spirit of the section. In cases of assault and battery, libel and slander, so many matters in aggravation or justification are disclosed upon the trial, that it is left for the jury to determine, in view of all the circumstances, what should be given as damages. With their findings courts rarely interfere. Scarcely a case can be found where a new trial has been granted because of the smallness of the damages assessed. This section, we think, is but declaratory of the practice which has so long obtained. The case must be remanded with directions to reinstate the first verdict, and to set aside all proceedings subsequent thereto."

In *Sharpe v. O'Brien et al.*, 39 Ind. 501, 505, under a statute the same as ours, the court remarked :

"In actions for injuries to the person or reputation, no matter how small the damages may be, whether they equal the pecuniary injury sustained or not, the court cannot, for that reason, grant a new trial."

This case overruled a former case in that court in which the contrary view was taken, and is cited and approved in a later case, *Gann v. Worman*, 69 Ind. 458.

The supreme court of Kentucky, in *Taylor v. Hower*, 12 Bush, 465, held to the view that in actions of this kind a new trial may be granted where the verdict does not equal the pecuniary injury sustained.

That this case is one "for an injury to the person," and thus falls within the provisions of the quoted section, and that the new trial was granted on account of the smallness of the damages, there is no fair ground for debate. Why, then, was not the action of the court in granting a new trial erroneous under its terms? The rule may be hard, and in some cases

may be productive of injustice, but that is a considera-
tion to be addressed to the lawmakers and not to the
law interpreters.

We are quite persuaded that the court erred in grant-
ing the new trial, whichever view we may take.   From
the language of the section it must be clear that before
a plaintiff in such an action could have a new trial,
even under the view adopted by the Kentucky court,
the burden would fall upon him to. show that there
was an inadequacy in the verdict to meet the actual
injury sustained.   In this case, as we have seen, we
are left entirely at sea as to the amount of the injury
occasioned the plaintiff by the loss of time.   His other
actual injuries were his expenses, amounting to $498.
This left $302 to be applied elsewhere.   It may be that
in the absence of adequate data upon which to estimate
the value of his lost time the entire amount was awarded
to him for personal injuries.   If so, in any view, the
section quoted would prohibit the court from granting
a new trial.

Stripped of unnecessary words, the reason assigned
by the court for the granting of the new trial is that
the verdict did not equal the amount of the actual
pecuniary injury to plaintiff as shown by the evi-
dence.   This amount not being so shown by the evi-
dence, the reason, of course, must fail. ·

The court should have overruled the motion and
entered judgment upon the verdict.   Its judgment is
reversed and this course ordered.

All the Justices concurring.