## MUSKOGEE ELECTRIC TRACTION CO. *et al.* v. HAIREL *et al.*

No. 3542.   Opinion Filed May 11, 1915.

(148 Pac. 1005.)

1. **MASTER AND SERVANT—Injury to Third Person—Independent Contractor—Question of Law.** Whether or not one is an independent contractor is a question of law for the court to determine from the face of the contract, construed in the light of the surrounding circumstances.

2. **APPEAL AND ERROR—Harmless Error—Submission of Issues—Independent Contractor.** Where is it held that the contractor is not an independent contractor, and the liability of the defendant turns upon the question of whether or not such contractor is an independent contractor, and the court submits the question as a question of fact to the jury, the giving of such instruction, though erroneous, being more favorable to defendant than he is entitled by law, is not prejudicial error.

3.    **MASTER AND SERVANT—Independent Contractor—Contract—Construction.** ·The written contract entered into in this case contained, among other things, the following provisions:

"(1)   Any person in the employ of the contractor, or of any subcontractor, who, in the opinion of the company shall not perform his work in a proper manner, or shall be riotous, disrespectful, intemperate, disorderly, or otherwise troublesome, shall forthwith be discharged by the contractor, and shall not again be employed on any portion of the work.

"(2)   Should there be any unsatisfied claims for damages to persons or property at the time for the final estimate for the doing of the work is made and returned, the company shall have the right to estimate and determine the amount of such damages, and to pay the same to the parties injured, and all such sums so paid shall be deducted from the amount due the contractor, as shown by the final estimate."

Held, that said provisions of said contract show that defendant was not an independent contractor.

4.    **DEATH—Measure of Damages—Parent and Child.** The measure of damages, in an action by the parent for the wrongful killing of his child, is compensatory only; and, unless there is evidence which shows the dependent condition of the surviving parent and the disposition of the child in its relation to the parent, and a reasonable expectation that the child would contribute, after its majority, to the support of the parent, the measure of damages to which the parent is entitled is limited to such an amount as will compensate him for the loss of the child's services to the time of his majority.

(Syllabus by Collier, C.)

*Error from District Court, Muskogee County;*

*R. P. De Graffenreid, Judge.*

Action by Charley Hairel and another against the Muskogee Electric Traction Company, a corporation, and another. Judgment for plaintiffs against the defendant named, and it brings error. Reversed and remanded.

This is an action for damages, instituted by Charley Hairel and Netta Hairel, defendants in error, hereinafter called plaintiffs, against the Muskogee Electric Traction Company, a corporation, and James G. Lyons, plaintiffs in error, hereinafter called defend-

ants, for the wrongful killing of a minor child of plaintiffs. Plaintiffs dismissed their action against Lyons, as a defendant, and dismissed Netta Hairel as a party plaintiff, and the cause proceeded in the name of Charley Hairel against defendant. The attorney who instituted this suit withdrew as attorney for plaintiff and thereupon the attorneys who succeeded him filed their first amended petition, upon which the case was tried. Said amended petition alleged, in substance, that defendant was a corporation, owning and operating a line of street railway in the city of Muskogee, and in extending said line, it became necessary to make a cut or excavation, which required the use of large quantities of gunpowder or other high explosive for the purpose of removing rock from said cut; that the work was being performed by James G. Lyons, under contract with defendant; that plaintiff, together with Louana Hairel, his daughter, lived in a dwelling situated about 150 yards from the point where said excavation was being made; that the work or operation in making said cut was intrinsically dangerous for persons living in or being in the vicinity thereof; that on February 28, 1908, said Lyons, his agents, servants, and employees, discharged a charge of gunpowder or other explosive in said cut, and carelessly and negligently failed to warn said Louana Hairel, who was then in the yard of the house occupied by plaintiff, and carelessly and negligently failed to cover said cut by any means, so as to prevent rock from flying or being thrown by said discharge; that by said discharge or explosion a rock was thrown at and against said Louana Hairel, striking her on the head, crushing her skull, from which injury she died within a few minutes thereafter. Plaintiff further avers that said work was being done under contract, and that same was inherently dangerous; that no personal representative has been appointed for the estate of said Louana Hairel; that plaintiff is the father and next of kin to said Louana Hairel, and by reason of her death, plaintiff has been obliged to expend the sum of $105 burial expenses of said child, and that he has been deprived of the earning power of said child, the benefits of her labor and earnings, and deprived of

the comforts of her society, by reason of which plaintiff has sustained a loss of $10,000.

Defendant filed an answer to said first amended petition, admitting that said Lyons, under contract with defendant, by his employees, fired the blast which threw the rock which struck and killed plaintiff's child, and alleged that said Lyons was an independent contractor and performing the excavation in which said blast was fired, free from the control and supervision of defendant; and that if said plaintiff suffered loss by reason of the firing of said blast, such loss was occasioned solely by the act of said Lyons, and not by reason of any act or omission of defendant; and denied that the work in making said excavation was intrinsically dangerous to plaintiff or plaintiff's said child.

Evidence was offered, tending to show that said blast was fired near a traveled thoroughfare and in a comparatively numerously inhabited community; that notice of defendant's intention to fire said blast was not given, and that the blast was not properly guarded to prevent injury. Defendant did not offer any evidence to rebut the allegation that the death of said child was due to the negligence of the employees of said Lyons, or argue in its brief that said death was not due to the negligence of said Lyons, his agents and employees.

During the trial, plaintiff renounced his right to recover in this action for the $105, alleged in his first amended petition to have been expended for the burial of his said child. The only evidence offered by plaintiff in regard to the child killed was that the child was $3\frac{1}{4}$ years old; that it was killed, as averred in said first amended petition. There was no evidence offered, tending to show that plaintiff suffered any pecuniary loss by the death of said child, and the evidence of plaintiff tended to negative any pecuniary loss sustained by him by such death.

The written contract entered into by and between defendant

and said Lyons for the prosecution of the work in which said blast was fired was put in evidence, and, among others, contains the following provisions:

"(1)   Any person in the employ of the contractor, or of any subcontractor, who, in the opinion of the company shall not perform his work in a proper manner, or shall be riotous, disrespectful, intemperate, disorderly, or otherwise troublesome, shall forthwith be discharged by the contractor, and shall not again be employed on any portion of the work.

"(2)   Should there be any unsatisfied claims for damages to persons or property at the time for the final estimate for the doing of the work is made and returned, the company shall have the right to estimate and determine the amount of such damages, and to pay the same to the parties injured, and all such sums so paid shall be deducted from the amount due the contractor, as shown by the final estimate."

At the close of the evidence, the court, as a part of its general charge, gave the following instructions:

"No. 4.   You are further instructed that if you believe from the evidence in this cause that the said Jas. G. Lyons was an independent contractor, as herein defined, and that at the time the said contract was entered into by and between the defendant company and the said Jas. G. Lyons the defendant company knew that the character of work to be performed by the said independent contractor was of such a nature as to be intrinsically dangerous to the inhabitants in the immediate vicinity where said work was to be performed, or that the defendant company afterwards knew of the intrinsically dangerous character of said work before said child was killed, then and in that event, the defendant company would be liable for any injury done by the said independent contractor in the performance of said work."

"No. 10.   You are further instructed that if you find for the plaintiff, then in assessing the amount of damage, you may take into consideration what pecuniary benefit he might have derived from the labor or earnings of such child, had she not been killed, at any age of her life, but in no event shall your verdict exceed the sum of $10,000."

Muskogee Electric Traction Co. et al. v. Hairel et al.

To the giving of said instructions, defendant objected and duly excepted. The jury returned a verdict in favor of plaintiff in the sum of $10,000. Within the statutory time, defendant moved the court to grant a new trial, upon many grounds, among which is that the court erred in its instructions to the jury as to the measure of damages, and that the verdict is excessive, and not supported by the evidence. Upon the suggestion of the court, plaintiff consented that the amount of the verdict be reduced to $4,000; and thereupon the court overruled the motion for a new trial and entered judgment against defendant in the sum of $4,000, to which defendant duly excepted. From the rendition of said judgment, defendant prosecutes this appeal.

*N. A. Gibson, H. C. Thurman,* and *T. L. Gibson,* for plaintiff in error.

*Guy F. Nelson, Geo. S. Ramsey,* and *C. L. Thomas,* for defendants in error.

COLLIER, C. (after stating the facts as above). Defendant urges many assignments of error; but for a proper review of this case, it is thought necessary to consider only the errors alleged in giving said instructions numbered 4 and 10, and in overruling the motion for a new trial.

Under the provisions of the contract entered into by and between the contractor and defendant, giving defendant the right to discharge such employees of the contractor as might not meet with the approval of defendant, upon the grounds stated in the provisions of the contract hereinbefore set out, and the provisions, giving defendant the authority to adjust and settle all unsatisfied claims for damages to persons and property, resulting from the negligence of the contractor, his agents or employees, in performing the contract, and to pay the same to the parties injured out of the compensation to be paid the contractor for the work contracted to be done, the contractor is not an independent contractor, but

the agent of defendant company, the principal, who is liable for the acts of his agent within the scope of his authority. *Chas. T. Derr Construction Co. et al. v. Gelruth,* 29 Okla. 538, 120 Pac. 253, and authorities there cited. Under our holding that the contractor was not an independent contractor it is unnecessary for us to pass upon the question of whether or not the work contracted to be performed was intrinsically dangerous, and as to the same we express no opinion.

Instruction numbered 4, given in the general charge of the court to the jury, left the question of whether or not the contractor was an independent contractor a question of fact, to be determined by the jury, which was error. In *Chicago, R. I. & Pac. Ry. Co. v. Bond, Adm'r,* 148 Pac. 103 (recently decided, but not yet officially reported), this court held that:

"Whether he was or was not an independent contractor is a question of law for the court to determine from the face of the contract, construed in the light of the surrounding circumstances."

The court should have instructed the jury that the said contractor was not an independent contractor. While the giving of said instruction numbered 4 was error, the same being more favorable to defendant, under our holding that the contractor was not an independent contractor, and that the court should have so charged the jury, than defendant was entitled to, the error committed was therefore harmless.

Great learning and industry have been shown in the preparation of the briefs of both counsel in this case, and many authorities are cited, particularly as to the measure of damages in this case; but the question of the measure of damages in this case is not an open one in this jurisdiction. In an action by a parent for the wrongful death of his child, where there is no evidence which shows the dependent condition of the surviving parent, and the disposition of the child in its relation to the parent, the measure of damages to which the parent is entitled is limited to

such an amount as would compensate him for the loss of the child's services to the time of his majority. *Shawnee Gas & Electric Co. et al. v. Motesenbocker*, 41 Okla. 454, 138 Pac. 790. In *Missouri, K. & T. Ry. Co. v. Horton*, 28 Okla. 815, 119 Pac. 233, this court held:

"In an action by a parent for the loss of the services of his minor child, the damages to the parent is limited to such as will compensate him for the loss of the child's services to the time of his majority,' * * * and the jury may consider that with age, growth, and experience the value of the child's services would increase, although they cannot consider that the child might, if not injured, engage in any particular calling."

See, also, *Williams v. S. & N. Ala. Ry. Co.*, 91 Ala. 635, 9 South. 77.

Without pleadings or evidence upon which to predicate the same than the negligent and unlawful killing of said child, and that she was 3¼ years old, a verdict of $10,000 is a mere conjecture of the jury, and so excessive as to warrant the conclussion that as a matter of law, it is due to passion and prejudice. *Rhyne et al. v. Turley*, 37 Okla. 159, 131 Pac. 695. The court in refusing to grant defendant a new trial, committed reversible error, which was not cured by the remittitur of $6,000, made at the suggestion of the court, against the objection of defendant. The proper, or at least the better, practice under conditions named is to grant a new trial. *Sloan v. N. Y. C. & H. R. Ry. Co.*, 1 Hun. (N. Y.) 540; *Tunnel Min. & Leasing Co. v. Cooper*, 50 Colo. 390, 115 Pac. 901, 39 L. R. A. (N. S.) 1064, Ann. Cas. 1912C, 504.

This cause should be reversed and remanded.

By the Court: It is so ordered.