## MISSOURI, K. & T. R. CO. v. LINDSEY.

No. 10016—Opinion Filed June 14, 1921.

(Syllabus.)

**Appeal and Error—Failure to File Brief—Reversal.**

There is no brief in behalf of the defendant in error, and as the cases cited by counsel for plaintiff in error reasonably tend to support their contention, the judgment of the court below must be reversed, and the cause remanded, with directions to reinstate the first verdict and to set aside the proceedings subsequent thereto.

Error from District Court, Washington County; R. B. Boone, Judge.

Action by P. D. Lindsay against the Missouri, Kansas & Texas Railway Company for personal injuries. On motion of plaintiff the trial court granted a new trial on the ground of the smallness of the verdict, and the defendant brings error. Reversed and remanded.

Clifford L. Jackson, M. D. Green, and H. L. Smith, for plaintiff in error.

Leahy & McDonald, for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover damages for personal injuries. Upon trial to a jury there was a verdict in favor of the plaintiff for $400. Thereafter, upon motion for a new trial filed by the plaintiff, a new trial was granted for the reason that in the opinion of the court the damages awarded by the jury did not equal the actual pecuniary injuries sustained by the plaintiff. From this order granting a new trial the defendant appeals, the sole ground for reversal being that the trial court was prohibited from granting a new trial on account of the smallness of the damages by section 5034, Rev. Laws 1910, which provides:

"A new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained."

It is contended by counsel for plaintiff in error that the first part of this section constitutes an absolute limitation upon the power of the trial court to grant a new trial on account of the smallness of the damages in an action for an injury to the person. This is the construction placed upon this statute by the Supreme Court of Kansas, from which state it was adopted by the Territorial Legislature prior to statehood. Metropolitan St. Ry. Co. v. O'Neill, 68 Kan. 252, 74 Pac. 1105. While the decision in the O'Neill case, supra, was rendered subsequent to the adoption of the statute by the territory, it was rendered long before the subsequent adoption of the same statute by the state by section 2 of the Schedule to the Constitution In these circumstances the construction placed upon the statute by the Supreme Court of Kansas should be highly persuasive, if not controlling, on this court. Chisholm v. Weisse, 2 Okla. 611, 39 Pac. 467; St. L. & S. F. Ry. Co. v. Bruner, 52 Okla. 349, 152 Pac. 1103; Robinson & Co. v. Bell et al., 187 U. S. 41. 47 L. Ed. 65: Reaves v. Reaves, 15 Okla. 240, 82 Pac. 490.

In the O'Neill case, as in the case at bar, the trial court entertained the view that the second clause of the section modified the absolute limitation placed upon the power of the court by the first clause, and that the section, construed as a whole, authorized the court to grant a new trial in all actions where, in the court's opinion, the verdict of the jury was less than the actual pecuniary injury sustained.

In passing upon this question the Supreme Court of Kansas said:

"The sole error urged here is the granting of the motion for a new trial. It is urged that this was error, because of the language of section 307 of the Code of Civil Procedure (section 4755, Gen. St. 1901): 'A new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained.' We are here confronted with a positive denial of power in the court to grant a new trial in certain cases. The statute has assumed to regulate the matter of the granting of new trials. In section 306, eight grounds are enumerated for which new trials may be granted, and none of them include the right to a new trial on account of the smallness of the assessment of recovery, except the fifth, where it is provided that a new trial may be had for that reason in actions upon a contract or for the injury to or detention of property. It seems that the code makers, not content with leaving out a provision for a new trial in cases like the one now under discussion, added the positive prohibition to the granting of such motions in cases enumerated in section 307."

Cases from other jurisdictions which seem to be in point are as follows: Hubbard v. Mason City, 64 Iowa, 247, 20 N. W. 173; Shoff v. Wells, 1 Neb. 168; Sharpe v. O'Brien, 39 Ind. 504.

After reviewing these cases we are confirmed in the opinion that the construction placed upon this section by the Supreme Court of Kansas is correct.

There is no brief on behalf of the defendant in error, and as the cases cited by counsel for plaintiff in error reasonably tend to support their contention, the judgment of the court below must be reversed, and the cause remanded, with directions to reinstate the first verdict and to set aside the proceedings subsequent thereto.

PITCHFORD, V. C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.