## ST. PAUL FIRE & MARINE INS. CO. v. CARDWELL et al.

No. 10336—Opinion Filed Dec. 6, 1921.

(Syllabus.)

### Appeal and Error—Failure to File Brief—Reversal.

Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendants in error have neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may. where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the case in accordance with the prayer of the petition in error.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by J. A. Cardwell and others against the St. Paul Fire & Marine Insurance Company on fire insurance policy. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

C. A. Matson, I. H. Stearns, and Wilson & Roe, for plaintifff in error.

NICHOLSON, J. This action was brought in the district court of Tillman county by J. A. Cardwell, H. Tuck, S. H. Swartz, and G. C. Swartz, partners doing business as Cardwell, Swartz & Company, as plaintiffs, against the St. Paul Fire & Marine Insurance Company, a corporation, as defendant, to recover the sum of $1,800 on a fire insurance policy covering a stock of goods, wares, and merchandise destroyed by fire on April 24, 1917, and resulted in a verdict in favor of the plaintiffs for the sum of $1,600, upon which judgment was rendered, and to reverse which the defendant brings error.

Plaintiff in error has served and filed its brief, but the defendants in error have filed no brief, though the time for doing so has expired. It is the established rule in this jurisdiction that when plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendants in error have neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the court below may be sustained, but may, when the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the case in accordance with the prayer of the petition. Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Oklahoma, 171 Pac. 34; Lawton Nat. Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167; J. I. Case Threshing Machine Co. v. Barney, 82 Okla. 155, 198 Pac. 990; Missouri, K. & T. Ry. Co. v. Lindsey, 82 Okla. 165, 198 Pac. 1000.

As the authorities cited in the brief of plaintiff in error appear reasonably to sustain the assignments of error, the judgment of the trial court is reversed, and the cause remanded for a new trial.

PITCHFORD, V. C. J., and JOHNSON, McNEILL, MILLER, and ELTING, JJ., concur.