## HURT v. PAREDES.

No. 15703—Opinion Filed Sept. 15, 1925.

Rehearing Denied Dec. 15, 1925.

**1. Appeal and Error—Right to Complain of Favorable Error—Instructions.**

A judgment will not be disturbed because an instruction submitted to the jury an issue not within the pleading where the only effect of such instruction must have been in favor of the party complaining.

**2. Same—Harmless Error—Action for Personal Injuries—Age of Child.**

A charge to the jury, wherein they are instructed, "that as a matter of law a child under seven years of age is presumed to be incapable of contributory negligence," objected to upon the ground that there was no direct proof of the child's age, is not reversible error, where the defense of contributory negligence is not pleaded nor relied upon.

**3. Same.**

An instruction on the measure of damages, wherein the jury are told that they may take into consideration the age of the plaintiff, when there has been no direct proof offered as to age, does not constitute reversible error, where the plaintiff was present during the trial, and the jury had an opportunity to observe him, and the judgment rendered is clearly not excessive.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; O. L. Price, Judge.

Action by Lewis Paredes, by his next friend, Mike Foster, against T. F. Hurt. Judgment for plaintiff, and defendant appeals. Affirmed.

Moss & Keller, for plaintiff in error.

Mike Foster, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Oklahoma county by defendant in error, Lewis Paredes, by his next friend, Mike Foster, as plaintiff, against the plaintiff in error, T. F. Hurt, defendant in the trial court, to recover the sum of $20,000 for injuries alleged to have been sustained by the plaintiff as the result of having been run over by defendant's truck. On the trial of the case, judgment was ren-

dered for the plaintiff for $1,000, from which judgment the appellant prosecutes this appeal.

Numerous specifications of error are assigned, but all of the propositions urged by the appellant in his brief are directed against instructions Nos. 8, 10, and 11 of the court's charge to the jury. The first contention made is that the court committed reversible error in the 8th paragraph of the instructions given, which is an instruction on contributory negligence; and appellant contends that this is error because contributory negligence was not pleaded as a defense in this action, and cites the case of Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 Pac. 747, wherein this court passed upon a pleading similar to the pleading here involved, which simply alleges negligence on the part of the plaintiff, but does not specifically allege contributory negligence, in which case the defendant requested the court to give an instruction on contributory negligence, which was refused, and on appeal this court decided that the action of the trial court in refusing to give the instruction on contributory negligence was not error, because contributory negligence had not been specifically pleaded; and other authorities are cited in support of this rule; but we do not regard it as controlling in the instant case, for the reason that the instruction given gave to the defendant a defense which he now says he was not entitled to, and he is seeking to take advantage of an error in his favor, and one which in no wise tends to prejudice his rights. This court has held in the case of Muskogee Electric Traction Co. v. Hairel, 46 Okla. 409, 148 Pac. 1005:

"The court should have instructed the jury that the said contractor was not an independent contractor. While the giving of said instruction numbered 4 was error, the same being more favorable to defendant, under our holding that the contractor was not an independent contractor and that the court should have so charged the jury, than defendant was entitled to, the error committed was therefore harmless."

In the case of Pullman Palace Car Co. v. Smith (Tex.) 14 S. W. 993, the following rule is announced involving the question of contributory negligence:

"Where there is no evidence of contributory negligence on the part of the plaintiff, error in a charge relating thereto is harmless to the defendant."

See, also, Marton v. Pickrell (Wash.) 191 Pac. 1101; R. C. L. vol. 2, pages 237 and 238; and in the case of Phil., B. & W. R. R.

Co. v. Smith, 132 Md. 345, 103 Atl. 945, the following statement is found:

"A defeated party cannot complain that an instruction placed upon the successful party a burden which he was not required to assume."

In Burnes v. True (Tex.) 24 S. W. 338, it was said:

"Defendant against whom judgment has been rendered cannot complain on appeal of the action of the court in submitting to the jury a ground of defense without evidence to support it."

In the case of Fitzgerald v. Meyer (Neb.) 55 N. W. 296, the following rule is announced:

"A judgment will not be disturbed because an instruction submitted to the jury an issue not within the pleadings where the only effect of such an instruction must have been in favor of the party complaining."

In keeping with these authorities, we think it is clear that the error complained of does not constitute reversible error.

Appellant further complains of instruction No. 8, upon the grounds that the court instructed the jury as follows:

"In this connection you are instructed that as a matter of law a child under seven years of age is presumed to be incapable of contributory negligence"

—and calls attention to the case of Texas, O. & E. Ry. Co. v. McCarroll, 80 Okla. 282, 195 Pac. 139, wherein this court in passing on this question announced the rule that it is one "for the jury to determine without regard to any arbitrary presumption." However, we do not regard this question as material, in view of the fact that appellant contends that contributory negligence was not pleaded, and was not relied on as a defense in the instant case, hence, the incapability of the plaintiff to be guilty of contributory negligence becomes immaterial, and renders the error harmless, if in fact the instruction given constitutes error.

The next contention of appellant is that the court committed error in instructing the jury that they might take into consideration the age of the plaintiff, among other things, in determining the amount of damages to which he would be entitled, if any; because there was no evidence offered of the age of the plaintiff, in support of the allegation of the petition that he was four and one-half years of age at the time the injury was sustained. This instruction may be subject to criticism, but it is evident from the record that the child was present at the trial of the case and was frequently referred to

as a little child, and as a baby, and a boy, and it is obvious that he was a child of tender years and in view of the fact that the jury had an opportunity to see him and observe him, we are inclined to the opinion that the error does not constitute reversible error, and there is nothing to indicate that the jury was prejudiced in any wise by reason of this instruction. The proof discloses that the child was seriously injured, suffered a fracture of the skull, and concussion of the brain, and the judgment was for $1,000, which is a very meager sum for the injury sustained, and certainly could not be said to be excessive.

In the case of Wright v. Detroit, G. H. & M. Ry. Co. (Mich.) 43 N. W. 765, we find the following statement:

"And in such a case it is the duty of the court, in submitting the facts to the jury, to especially call their attention to the circumstances of his youth, and the rules which should govern them in passing upon the age and inexperience, and what allowance should be made in consequence thereof; and that in such case it is the clear duty of the court to do this, whether the party has the aid of counsel or not, that it is a part of his statutory duty, and not wait to have his attention directed to it by request of party or his counsel, and the omission so to do is error."

We are inclined to the opinion that the presence of the child was sufficient to entitle the court to give the instruction complained of. A further discussion of this phase of the case will be found in the cases of Margaret McDonald v. City of Spring Valley, 283 Ill. 52, 120 N. E. 476; Chicago City R. Co. v. Tuohy, 196 Ill. 410, 58 L. R. A. 270, 63 N. E. 997; C., R. I. & P. Ry. Co. v. Baroni, 32 Okla. 540, 122 Pac. 926; and C., R. I. & P. Ry. Co. v. Wright, 62 Okla. 134, 161 Pac. 1070. We therefore held that no error committed in this case is sufficient to justify a reversal of same, and recommend that said judgment be in all things affirmed.

Defendant in error asks that judgment be rendered on the supersedeas bond, and the application is hereby granted, and counsel for defendant in error is directed to prepare and present judgment for same.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 918, § 2890, 920, § 2891. (2) 4 C. J. p. 1035, § 3015. (3) 4 C. J. pp. 1034, § 2015, 1045, § 3027: 38 Cyc. p. 1624 (Anno).