## KANSAS CITY, M. & O. RY. CO. et al. v. ALLUMS.

No. 18261.    Opinion Filed Nov. 13, 1928.

E. A. Boyd, for plaintiffs in error.

Tolbert, Hunter & Tolbert and Massingale & Duff, for defendant in error.

JEFFREY, C. This action was commenced in the district court of Washita county by J. A. Allums, as plaintiff, against the Kansas City, Mexico & Orient Railway Company and J. A. Trumbo, as defendants, for damages by reason of plaintiff having been struck by a locomotive at a railroad crossing. The petition alleges that plaintiff was traveling along the highway in an automobile when he was struck by the locomotive; and that he was knocked from his automobile and sustained various injuries, including a broken leg, bruises on his body and a severe shock to his nervous system resulting in permanent injuries. There were two causes of action in the petition. The first cause of action was for damages in the sum of $20 000 for loss of time, impairment of earning capacity, permanent physical disabilities, expenses incurred for doctor's bills, nurse hire, hospital bills, medicine, and pain and suffering. In a second cause of action, plaintiff alleged damages to his automobile in the sum of $275, and asked for judgment for that amount. The cause was tried to a jury, and a verdict returned in favor of plaintiff for the sum of $750. Plaintiff filed a motion for new trial based upon several grounds. The court sustained the motion for a new trial on the single ground that the verdict of the jury was insufficient in

amount, and overruled the motion on all other grounds. From the order granting a new trial, defendants have appealed, and assign the action of the court in granting a new trial as the only error.

It is contended that section 573, C. O. S. 1921, is a direct prohibition against the granting of a new trial on account of the smallness of the damages awarded in a case of this kind. That section is as follows:

"A new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained."

On the other hand, counsel for plaintiff contends that this action does not fall within the foregoing section, but is controlled by the 5th subdivision of section 572, C. O. S. 1921, which states one of the grounds for a new trial as follows:

"Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property."

Section 573, supra, has been construed and held to be an absolute limitation upon the power of the trial court to grant a new trial on the ground of the smallness of the recovery in an action for an injury to the person. M., K. & T. Ry. Co. v. Lindsay, 82 Okla. 165, 198 Pac. 1000; Woodard v. Sanderson, 83 Okla. 173, 201 Pac. 361; Murray v. Decker et al., 132 Okla. 188, 270 Pac. 38; Metropolitan St. Ry. Co. v. O'Neill, 68 Kan. 252, 74 Pac. 1105. However, in the cited cases, the action was for injury to the person alone. In the case at bar, there were two causes of action in the petition. One was for injuries to the person, and the other was for injuries to property. There was some evidence offered in support of each cause of action. The verdict of the jury was general in form, and we are unable to ascertain with any degree of certainty for what injuries the jury allowed a recovery. The verdict allowed a recovery for an amount in excess of that asked for the damages to the automobile in the second cause of action, but much less than asked for in the first cause of action, and less than the jury would have been warranted in allowing under the proof in the case under the first cause of action. The evidence on several items of damage in the first cause of action is somewhat vague and uncertain, but, as to other items, the evidence appears to be more convincing and certain than it was as to the damage to the automobile. The evidence would probably have supported a verdict as to the first cause of action for money expended by reason of the injuries in amount three times that of the verdict which was actually returned. There was also proof of pain and suffering. And, in addition thereto, there was evidence that the automobile was damaged in the sum of $275. It may have been that the jury only attempted to compensate plaintiff for injuries to his person, and we do not feel at liberty to say, in the absence of any showing as to what items the jury allowed a recovery on, that it did in fact allow a recovery equal to the actual pecuniary injury sustained by reason of the damage done the automobile. The damage claimed by reason of injury to the property was very small in comparison with that claimed on account of injuries to the person, but in principle no distinction should be made between this character of case and a case where the damages claimed for injury to the person are insignificant in amount as compared with that claimed by reason of injury to the property. It was not the intention of the Legislature that such a limitation should be imposed on a trial judge in the granting of a new trial where the action involves injuries to property. That section is in the nature of an exception to the rule, and should not be construed to include cases involving both personal and property injuries, unless it can be ascertained that the verdict in fact did and was intended by the jury to fully compensate for the actual pecuniary injury to the property.

It has been held by this court that a verdict for a grossly inadequate amount stands upon no higher ground in legal principle, or in rules of law, than a verdict for an excessive or extravagant amount, and a new trial may be granted upon one ground as well as upon the other, Dunlap v. Morean, 87 Okla. 30, 208 Pac. 773, 20 R. C. L. 283.

A trial court is allowed a very wide discretion in the granting of a new trial. Many of the early cases in this jurisdiction were to the effect that the Supreme Court would not reverse the order of the trial court granting a new trial, unless the Supreme Court can say, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made.

It is pointed out in the numerous cases by this court that the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or a court, and that the showing for a reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal. The recent decisions of this court upon the question are quite uniform in holding that the discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law; and that the order granting a new trial is based upon such erroneous view of the law. Richards v. Claxton, 79 Okla. 133, 192 Pac. 199; Metropolitan Life Insurance Co. v. Plunkett, 109 Okla. 148, 234 Pac. 722; Sneed v. Yarbrough, 123 Okla. 17, 253 Pac. 40; Baker & Strawn v. Magnolia Petroleum Co., 124 Okla. 94, 254 Pac. 26.

The trial court, no doubt, concluded that the verdict was not responsive to the demands of justice, and that the same should be set aside. From an examination of the record, we cannot ascertain that the trial court erred in its view of a pure and unmixed question of law, and we are of the opinion that the order granting a new trial should not here be disturbed. The order granting a new trial in the cause is affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.