## CHICAGO, R. I. & P. RY. CO. v. DEAN et ux.

No. 20073.    Opinion Filed April 19, 1932.

Withdrawn, Corrected, Refiled, and Rehearing Denied Oct. 18, 1932.

W. R. Bleakmore, John Barry, W. L. Farmer, and Robt. E. Lee, for plaintiff in error.

B. C. Logsdon and Allen & Jarman, for defendants in error.

KORNEGAY, J. This is a proceeding in error to review the action of the court below in granting a new trial to the defendants in error. The defendants in error were the parents of a single man, 20 years old, who was killed by being thrown by an overturned tractor against a car that was being unloaded on the defendant's track in the town of Billings. The jury rendered a verdict in their favor for $1.

Two parties were sued by them, however, for the death loss of their son, the present plaintiff in error and the company for whom he was working, known as the Green-Boots Construction Company. The company had settled with the defendants in error for $1,000; the right, however, being preserved by the instrument of settlement to continue the suit against the present plaintiff in error as being a joint tort-feasor. The court instructed the jury as follows:

"No. 1. In this action the Green-Boots Construction Company, a corporation, and the defendant, Chicago, Rock Island & Pacific Railway Company, a corporation, were sued as joint tort-feasors, and since the commencement of said action the plaintiffs have effected a settlement with the Green-Boots Construction Company for the sum of $1,000; and in this connection you are instructed that this action now is against the defendant railway company alone, and you are further instructed that such settlement does not in any way affect nor prejudice plaintiffs' cause of action against the defendant railway company, except to reduce the amount of damages suffered by the plaintiff, if any, to the extent of the $1,000 received from the Green-Boots Construction Company."

During the progress of the proceeding, upon its developing that a settlement had been had with its codefendant and the plaintiffs in the court below, a claim was made that this settlement barred further proceeding, which was overruled, and a request made that the cause be transferred to the federal court, which was overruled. Some evidence tending to show negligence on the part of the railway company, in the character of unloading machinery that was furnished with which to unload the tractor that the deceased was handling. The plaintiffs below contended that the skids were worn and splintered, and that their condition was the cause of the accident, and also that an apron should have been furnished. The railroad company claimed that the deceased was negligent and assumed the risk arising from the condition of the skids and the platform from which the deceased was engaged in unloading the Fordson tractor, whose wheels ran off of the skids, resulting in his death. Proof was made as to the ability and willingness of the deceased to contribute to the support of his parents. It appeared that the father at the time the young man was killed was 55 years old, and the mother was 45, and he was 20 years old, and that the expectancy of the young man was 42.20 years, and of the father was 17.40 years, and of the mother was 24.54.

There was proof made as to the wages of the deceased, and that he was contributing something like $30 a month to the support of his parents, and was industrious and frugal, and his wages were increasing, and that the father was not in very good health, and that when the young man was at home he was very industrious and engaged in helping about the rented farm on which the parents lived.

The plaintiffs made a motion for a new trial on account of the instructions and the verdict not being supported by the evidence, and also on account of the court's having stopped counsel from arguing that the skids furnished were not wide enough to constitute a safe unloading device for the machinery, and instructing the jury that the width or narrowness of the skids was not involved, and also the failure to furnish a runway or apron.

The journal entry on the subject recites that the motion for new trial was granted because the court was of opinion that it erred in refusing to give an instruction No. 7, requested by the plaintiff and defining proximate cause, and that the verdict for the $1 did not cover damage sustained and was wholly inadequate.

The brief that has been submitted on behalf of the plaintiff in error urges that the instructions given were proper, and that the $1 verdict allowed in the case was in effect a verdict for $1,001, and the first proposition is that our statute provides that a new trial shall not be granted on account of the smallness of the damage awarded in an action for injury to the person or reputation of another. The case of Metropolitan St. Ry. Co. v. O'Neill, 68 Kan. 252, 74 P. 1105, and M. K. & T. R. Co. v. Lindsey, 82 Okla. 165, 198 P. 1000, are

cited, and the latter case is extensively quoted from. So also is the case of Woodward v. Sanderson, 83 Okla. 173, 201 P. 361, and the case of K. C., M. & O. Ry. Co. v. Allums, 133 Okla. 181, 271 P. 949.

An argument is made under proposition No. 2 that the measure of damage is compensatory only, and that in case of a minor in the absence of proof of his apparent willingness to aid, after majority, the recovery would be limited to the loss of services during the minority, and that the principle is declared in Muskogee El. T. Co. v. Hairel, 46 Okla. 409, 148 P. 1005, and the case of Shawnee Gas & El. Co. v. Motesenbocker, 41 Okla. 454, 138 P. 790, and Lusk v. Phelps, 71 Okla. 150, 175 P. 756, are cited.

The third legal proposition is that the court erred in granting the new trial on account of instructions given that were too favorable to the complaining party, and the case of Whitworth v. Riley, 132 Okla. 72, 269 P. 350, is cited and quoted from to that effect, and attention is called to the requirement that in every stage of the proceeding, errors must be disregarded which do not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect, and some cases from this and other jurisdictions are cited.

The brief makers request the court to consider it and to review the action of the lower court and reinstate the verdict.

The defendants in error in their brief urge three propositions, and the first is that it is not an action to recover damage for a personal injury, but for a death loss, and the second is that where judicial discretion is vested in the trial court, its exercise will not be interfered with on appeal except where it has been clearly abused, or where error has occurred as to some unmixed question of law, and the third proposition is that the question as to whether or not the refusal or the giving of the instructions of which complaint is made, becoming harmless error, becomes immaterial after the trial court ordered a new trial on that and other grounds. Several cases are cited to sustain their propositions.

This is an action by parents for pecuniary damage arising from a son's death, who contributed to their support.

A review of the cases cited by the plaintiff in error upon the proposition of the meaning of the statute, forbidding the court in an ordinary defamatory or personal injury case from setting aside a verdict as being too small, does not indicate that the court's action in granting this new trial should be annulled.

The case of Kansas City, M. & O. Ry. Co. v. Allums, 133 Okla. 181, 271 P. 949, cited in the brief of the plaintiff in error, when analyzed, appears to be against the position that is taken by plaintiff in error. That was a Commissioner's decision, opinion filed November 13, 1928, and by the court confirmed. It arose out of an automobile accident at a crossing. The complaint was in two counts. One was based on the injury to the automobile, limited in the pleadings to $275, the other based on personal injury calling for $20,000. The jury returned a verdict for $750. As to what items went into it does not appear, but the recitals are that the proof showed the injury to the automobile to be $275, which was the limit that the jury could have allowed for that purpose, that being the amount demanded in the petition. It follows, therefore, that in that case the jury must have allowed $475 for personal injuries. The court below, on account of the smallness of the verdict, granted a new trial. The case was brought here on the ground of error being committed in granting the new trial. The case was similar to this in procedure, but not coinciding in subject-matter, it being a case of purely personal injury, this being a death loss. However, the action of the court in giving this new trial was sustained.

In that case the caution that had heretofore been exercised in this court in setting aside the action of trial courts in awarding a new trial was reiterated and commented on approvingly. The language of the opinion upon the subject is:

"A trial court is allowed a very wide discretion in the granting of a new trial. Many of the early cases in this jurisdiction were to the effect that the Supreme Court would not reverse the order of the trial court granting a new trial, unless the Supreme Court can say, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made. It is pointed out in the numerous cases by this court that the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or a court, and that the showing for a reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal. The recent decisions of this court upon the question are quite uniform in holding that the discretion of the trial court in granting a new trial is so broad that its action in so doing will not be dis-

turbed on appeal unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law; and that the order granting a new trial is based upon such erroneous view of the law. Richards v. Claxton, 79 Okla. 133, 192 P. 199; Metropolitan Life Ins. Co. v. Plunkett, 109 Okla. 148, 234 P. 722; Sneed v. Yarbrough, 123 Okla. 17, 253 P. 40; Baker & Strawn v. Magnolia Petroleum Co., 124 Okla. 94, 254 P. 26.

"The trial court, no doubt, concluded that the verdict was not responsive to the demands of justice, and that the same should be set aside. From an examination of the record, we cannot ascertain that the trial court erred in its view of a pure and unmixed question of law, and we are of the opinion that the order granting' a new trial should not here be disturbed. The order granting a new trial in the cause is affirmed."

With reference to the measure of damages in this case, the plaintiff in error seems to confuse this case with that of an ordinary case of a controlling parent suing for the loss of wages of a minor child, and cites some cases upon that line, as well as some upon other lines, which are based not upon involuntary service, but on voluntary contributions. This is the latter kind of a case, according to the pleadings and according to the method of adducing proof followed in the trial.

The case of Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okla. 454, 138 P. 790, is called to our attention by the plaintiff in error, and quotation is made from it. That too was a Commissioner's decision, and the court on rehearing modified some of the doctrine therein by adding to it the following:

"On Rehearing.

"Per Curiam. Upon consideration of the second petition for rehearing, we are constrained to adhere to the opinion of Comsioner Rosser filed herein, except as to the rule therein announced for the measure of damages for wrongful death of a child, as set out in paragraph 7 of the syllabus. The rule there announced is possibly correct as applied to the record in the instant case, but is too restricted for general application. In a case where the evidence shows the dependent condition of the surviving parent, and the disposition of the child, and its relation to the parent to be such that there is a reasonable expectation that the child would continue, after its majority, to contribute to the support of the parent, these facts should not be excluded from the jury in determining the damages sustained by the wrongful death.

"With the modification, the former opinion is adhered to, and a rehearing denied.

"By the Court: It is so ordered."

The case of Lusk v, Phelps, 71 Okla. 150. 175 P. 756, is called 'to our attention and quoted from. An inspection of the case shows that it was a case wherein an administrator was appointed and the action was brought in his name. In the body of the opinion we find the following:

"Deceased was 34 years of age, a single man, and left him surviving both parents, to the support of whom he contributed more or less. At the time of his death,, which was caused by an explosion of dynamite, he was engaged in the service of defendant at a gravel pit near Mill Creek."

The opinion is rather lengthy, and the reference to the testimony concerning what he contributed to the parents can be inferred partly from a recital contained in the opinion at page 154, as follows:

"So the testimony of Quaid that deceased had stated as quick as he made his stake he was going back home and take care of the folks, and the testimony of J. F. Phelps that deceased had written him of his intention to return home and stay with his parents as long as he lived, comes within a well-defined exception to the hearsay rule. The intention of deceased in this regard was a material fact at issue, and being dead the evidence offered was competent to show his intentions, and also to show the reasonable expectation of his parents based upon such intention of returning and supporting them. This rule is most often applied in criminal cases or in insurance litigation, where the intention of deceased is material, but the extent and application of the rule is not limited to that class of cases."

Further along in the opinion, we find the following:

"Upon an examination of the record, we find sufficient evidence reasonably tending to support the verdict of the jury, and the defendants having offered no evidence, and there being no conflict therein as to any material fact, and the instructions given stating the law correctly, we will not indulge the presumption that the jury found in plaintiff's favor on an allegation not sustained by evidence, but rather will apply the presumption which the law raises in favor of the regularity of the proceeding below and the correctness of the verdict and the judgment rendered."

It appears that the recovery sought was in excess of $2,999.90, and evidently to prevent the case being removed to the federal court, it was reduced to that amount, and the jury found that amount, and the verdict in that case was allowed to stand, and the last part of the opinion says:

"The measure of damages in an action by the parent for the wrongful killing of his child is compensatory only, and where, as here, there is evidence which shows the dependent condition of his parents, and the disposition of the child in relation to them, and a reasonable expectation that he would continue to contribute to their support, the proper measure of damages is that amount which will compensate the parents for the loss sustained by them in the death of the child. Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okla. 462, 138 P. 790; Muskogee Electric Traction Co. v. Hairel, 46 Okla. 409, 148 P. 1005."

Justice Sharp dissented, however, not on the ground of the measure or amount of the damages.

Tested by these cases, the provisions of the statute relied on do not apply, and the usual rules about interfering with the action of the lower court in granting a new trial apply. The lower court held the amount of recovery was too small. In the light of the recovery allowed to stand in the above cited case, we are not prepared to say that we ought to interfere with the exercise of the lower court's discretion in granting a new trial on account of the small recovery in the present case. Further discussion is not required, as one sufficient ground would require that we do not disturb the action of the lower court in granting a new trial.

The order is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY, J., absent.

Note.—See under (1) 20 R. C. L. 227, 283; R. C. L. Perm. Supp. pp. 4863, 4871; R. C. L. Pocket Part, title New Trial, §§ 12, 67.