Kenneth ALDRIDGE, a Minor, Plaintiff in Error,

v.

J. A. PATTERSON and Ruth Ann Patterson, as next of kin of Harold Duane Patterson, Deceased, Defendants in Error.

No. 36152.

Supreme Court of Oklahoma.

Oct. 5, 1954.

Rehearing Denied Nov. 9, 1954.

J. T. Bailey, Cordell, Pierce, Mock & Duncan, Oklahoma City, for plaintiff in error.

Carder & Carder, Hobart, Jones & Wesner, Cordell, for defendants in error.

BLACKBIRD, Justice.

The ten year old son of defendants in error was killed instantly when he was hit by an automobile driven by plaintiff in error. When in the present action they sought the total sum of $16,955.65 as damages against plaintiff in error, as defendant, the jury awarded them only $750, which was not quite $300 more than the dead boy's funeral expenses of $455.65. Judgment was entered in accord with the verdict but thereafter the trial court sustained the plaintiff parents' motion for a new trial and defendant has lodged this appeal on the theory that the trial court committed error in so doing. Our continued reference to the parties will be by their trial court designations.

The reason or reasons for the trial court's action in sustaining plaintiff's motion for a new trial are reflected in the journal entry of said court's order as follows:

"The Court has given this case great consideration; even though the Court feels the verdict is grossly inadequate in this case, the chief reason that the Court sustains the motion for a new trial was the fact that this jury became aware, during the trial of this case, that the defendant had been taken to the County Attorney's office and questioned, and became apprised of the fact that no criminal action was filed. I won't attempt to state how this infor-

mation crept in *in* the case; that is my recollection of the testimony in the case. The Court feels that the jury was greatly influenced by the knowledge received of the criminal aspect of the case and that an investigation was made and statements taken in the County Attorney's office. It is on that ground that the Court sustains the motion for new trial."

In defendant's brief the Court's granting plaintiffs a new trial is characterized as "arbitrary ond capricious" and "an abuse of discretion." He takes the position that a trial court cannot set aside a verdict and judgment merely because he thinks the amount of damages therein determined was too small or inadequate. His counsel further argue that even if a trial court had such prerogative, it would not be justified in this case, as the minor here was not shown to be contributing anything to plaintiffs' support and the evidence failed to show any pecuniary loss to them by his death, except the funeral expense. With reference to the "chief reason" the Court in his own words gave for granting the new trial, defense counsel say the record shows that testimony tending to show that the County Attorney participated in an investigation of the accident was first introduced by plaintiffs, but that this was not a material factor in the case and neither side objected to such testimony at any time, and they further say it is more likely that such evidence influenced or prejudiced the jury against the defendant than against the plaintiff. Also, counsel takes direct issue with the Court's quoted statement that the jury "became apprised of the fact that no criminal action was filed" as a result of said investigation and they assert that there is nothing in the record to support such representation. Plaintiffs' counsel concede the truth of this latter claim, but they say the jury could well assume that no criminal action had ever been filed against defendant from the fact that he and he alone used as witnesses some of the persons who had participated in said investigation. They further say that it is immaterial, however, that the trial court may have given the wrong reason or one based purely upon

speculation as to how or why the jury arrived at its verdict—that the important thing was that the verdict, as clearly shown by the Court's remarks, did not have his "responsive and affirmative approval" nor accord with his "conscience." They seem to be of the opinion that whenever this is true a trial court, without abusing his discretion, may set aside a verdict. We do not think plaintiffs' argument is totally without merit, but we do not think it applies to this case. In Benedict Bros. Const. Co. v. Davoult, Okl., 266 P.2d 960, we recognized the so-called "conscience" rule for which plaintiffs contend and we therein had occasion to review and re-examine everything that this Court had ever said about it, but we determined to follow the rule that a trial court's order sustaining a motion for a new trial will be reversed where it is based, to the exclusion of all others, on a wrong, incorrect or insufficient reason or ground therefor. We think that the order in this case is such a one. Here, although the Court in his remarks made it known that he thought the verdict was "grossly inadequate," he referred to certain evidence he evidently regarded as inadmissible and prejudicial as the "chief reason" for his ruling and closed his remarks by saying: "It is on that ground that the Court sustains the motion for new trial." We therefore regard it unnecessary and inappropriate to herein consider the question of whether a trial judge has either the statutory or "inherent" power to set aside a jury verdict for damages on account of death merely because of his own idea that such damage assessment is too small or inadequate. As has been indicated in previous cases, if allowed the unbridled substitution of his own opinion for that of the jury, he could in effect partially abrogate both our jury system and right of appeal by repeatedly setting aside successive verdicts and granting new trials until a verdict was returned that conformed to his own personal idea of an adequate recovery. See Spruce v. Chicago R. I. & P. R. Co., 139 Okl. 123, 281 P. 586. As to this and related matters consider Chicago R. I. & P. R. Co. v. Dean, 159 Okl. 274, 15 P.2d 595; Oklahoma Constitution, Art.

23, § 7; 39 Am.Jur., "New Trial", secs. 145 and 149; Annotations 88 A.L.R. 943; Spence v. Park, 207 Okl. 215, 248 P.2d 1000; Pahlka v. Chicago R. I. & P. R. Co., 62 Okl. 223, 161 P. 544; St. Louis & S. F. R. Co. v. Model Laundry, 42 Okl. 501, 141 P. 970.

For the admission of incompetent or immaterial evidence to constitute cause for reversal, it must be prejudicial; otherwise, it will be considered harmless under our "Harmless Error" statutes. Tit. 22, O.S.1951, § 1068, and Tit. 12, O.S.1951, § 78; Yarbrough v. Bellamy, 197 Okl. 493, 172 P.2d 801; City of Pawhuska v. Crutchfield, 147 Okl. 4, 293 P. 1095; Oklahoma Natural Gas Co. v. Coppedge, 110 Okl. 261, 237 P. 592. An examination of the record discloses that testimony as to the investigation, that was participated in by both highway patrolmen and the County Attorney after the accident involved (though it does not definitely appear who directed the investigation) was adduced by the respective counsel of both plaintiffs and defendant, without objection. There seems to be little, if any, disagreement between counsel as to the irrelevancy of proof that there was such an investigation and we will assume, without deciding, that all such testimony was for that reason inadmissible. After carefully examining such evidence, however, we have been unable to find anything therein to apprise the jury that no criminal action was taken against defendant as a result thereof and thus accord it the prejudicial effect that the trial judge attributed to it. As such testimony contains nothing prejudicial in itself or in its nature, such an effect cannot be attributed to it without engaging in gross speculation. If the damages sought, other than the funeral expenses, had been liquidated or had been composed of items whose value could be and were established in dollars and cents, then there might be some basis for concluding that in some manner or another, the jury was prejudiced against plaintiffs' cause, but this was not the case. In this connection see St. Louis & S. F. R. Co. v. Model Laundry, supra, quoting from 2 Thompson On Trials, No. 2606. Here no effort was made, and it would have been practically impossible, to establish with any degree of certainty the equivalent in money of any contributions the dead child might have made to his parents' support, had he lived. We are sympathetic toward, and can readily understand, the trial judge's thought that $294.35 was a paltry sum for such an item, but we find nothing in the record to support the trial judge's explanation of the reason for said determination and we can think of many other factors both in and out of the record that might explain it, that are just as plausible, or more so, than the one advanced by the judge. If valid ground for reversal were permitted to be fabricated through the process of such speculation then verdicts and judgments based thereon would have little stability and the statutes and rules that have been put into force to render them so, would have little efficacy.

For the foregoing reasons the trial court's "Judgment And Order" sustaining plaintiffs' Motion For New Trial is reversed.

HALLEY, C. J., and WELCH, ARNOLD and WILLIAMS, JJ., concur.